IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | | |
|---|---|---|
| **BAE SYSTEMS ORDNANCE SYSTEMS, INC.** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| v. | ) ) ) | Civil Action No. 7:20-CV-00587-MFU-RSB |
| **FLUOR FEDERAL SOLUTIONS, LLC** | ) ) | |
| **Defendant.** | ) ) ) | |

**FLUOR'S MOTION FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO BAE'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE**

Fluor respectfully requests leave to file a Sur-Reply to respond to BAE's erroneous arguments, made for the first time in its Reply Brief. See Vandelinde v. Priority Auto. Roanoke, Inc., No. 7:20-cv-00330, 2021 WL 1113635, at *5–6 (W.D. Va. Mar. 23, 2021) (granting leave to file sur-reply, noting that doing so is appropriate where the "party making the motion [for leave to file a sur-reply] would be unable to contest matters presented to the court for the first time in the opposing party's reply" (quoting United States v. Sum 0f $70,990,605, 991 F. Supp. 2d 144, 153 (D.D.C. 2013))).

Fluor respectfully requests this Court to grant Fluor leave to file a Sur-Reply for at least three reasons:

**First**, in its Reply brief, BAE raised new arguments regarding the scope and applicability of Virginia Code § 11-4.1:1 (the "Subcontractor Claim Statute"). As set forth in Fluor's opposition brief, the "Limitation of Damages" provisions ("LOD"), upon which BAE relies to strike Fluor's damages, do not apply to costs incurred by Fluor responding to BAE's constructive or directed changes. Nevertheless, should this Court interpret the LOD clauses as requested by BAE – which it should not

– then the Statute renders the LOD clauses unenforceable against Fluor.

Resolving BAE's Motion to Strike may therefore require this Court not only to interpret Virginia's Statute, but to do so as a matter of **first impression**. No federal or state court has ever interpreted the Statute's scope or reach on a contract to which the Statute applied. When interpreting a statute, particularly for the first time, this Court should rely on an accurate presentation of the statute's applicability and history. In its Reply Brief, however, BAE asserts – for the <u>first time</u> in any of its briefs – that the Statute applies only to private contracts. In doing so, BAE ignores the Statute's wording, improperly asserts that the Statute applies to "mechanic's liens," and conflates Fluor's claims with a claim on a payment bond.

As set forth in Fluor's attached Sur-Reply, the Statute does <u>not</u> contain <u>any</u> language limiting its application to private projects. Moreover, the Statute is <u>not in</u> the "Mechanic's Lien" section of the Virginia Code, which is set forth in Title 43. Rather, the Statute upon which Fluor relies is in the "Contracts" section of the Virginia Code, which is in Title 11. The legislative history establishes that the operative language included in the Subcontractor Claims Statute is also set forth in the Mechanic's Lien code. <u>See</u> Va. Code § 43-3. The Mechanic's Lien section is separate and distinct from Virginia Code § 11-4.1:1, which prohibits a subcontractor from prospectively waiving its claims for demonstrated additional costs on construction contracts.

BAE injects further confusion by proclaiming for the <u>first time</u> that Fluor's action is analogous to a payment bond claim. Yet, Fluor's claim is no such thing. As Fluor's Sur-Reply establishes, nothing in the plain language of the Statute or in its the legislative history limits the scope or applicability of the Statute to private projects, mechanic's liens, or payment bond claims.

**Second**, Fluor's Sur-Reply brief will address BAE's improper presentation of parol evidence in support of its Motion to Strike. BAE's submission of individual, cherry-picked parol evidence in its

Reply brief, is not only improper at this stage of litigation, but also particularly inappropriate in a Reply brief to which the nonmovant lacks an opportunity to respond. BAE cannot have it both ways. On the one hand, BAE argues that the LOD provisions, notwithstanding the inconsistent language in the three (3) clauses, are clear and unambiguous. On the other hand, BAE invites this Court to rely on a single, cherry-picked email string to determine the intent of the parties.

If this Court determines that BAE's Motion to Strike is premature because the three versions of the LOD clauses are inconsistent and ambiguous, this Court should permit the parties to conduct discovery and allow <u>both</u> parties to introduce parol evidence of the Parties' intent. This Court should <u>not</u> allow BAE to be the only party that submits parol evidence or to submit parol evidence in its Reply brief. Accordingly, Fluor respectfully requests this Honorable Court to grant leave to file a Sur-Reply brief.

**<u>Finally</u>**, Fluor requests leave to respond to BAE's <u>new argument</u> that Fluor could have simply stopped performing the Project without any fear of reprisal. Specifically, BAE makes the <u>new</u> and inconceivable claim that, "even if BAE had ordered a change over $30 Million . . . Fluor would have had no obligation to perform the change and no liability for refusing to do so." (Reply, at 13). BAE neglects to inform the Court, however, that the Subcontract, at Exh. A§ I.1A,3(a), unambiguously requires, in the event of a dispute as to whether certain work constitutes a change to the Subcontract, that Fluor <u>must</u> proceed with performance of the Subcontract, as modified, pending resolution of the dispute.

As set forth in its Counterclaim, Fluor provided <u>timely</u> notice to BAE of <u>all</u> changes <u>before</u> proceeding with the work.[1] At no time did BAE reject Fluor's changes because notice was untimely. Rather BAE rejected Fluor's costs because BAE <u>did not believe</u> the work constituted a change caused by BAE's actions. In such a case, Fluor was obligated to proceed with the work pending resolution of the dispute. Put simply, BAE refused to recognize each of the changes at issue in this action. Instead, BAE rejected each of Fluor's requests for an equitable adjustment to the Subcontract price and delivery schedule. At <u>no time</u> did BAE inform Fluor that it could refuse to perform directed and constructive changes that totaled more than $30 Million. In fact, when denying Fluor's requests for equitable adjustment, BAE neither raised the LOD clause nor contended that Fluor must obtain BAE's written approval of changes before performing directed or constructive changed work. Instead, BAE simply accepted Fluor's performance. BAE's new argument that Fluor could have simply stopped performing is, therefore, wholly unsupported by the Subcontract terms.

By email dated July 16, 2021, counsel for Fluor contacted counsel for BAE to seek BAE's consent to this Motion for leave to file a Sur-Reply. BAE responded that it would object to this filing Notably, the only reason that BAE would object to this filing is to prevent a full and accurate discussion of the Subcontractor Claim Statute and to avoid the refutation of BAE's new and unsupported arguments.

WHEREFORE, Fluor respectfully requests that this Court grant Fluor leave to file the attached Sur-Reply in response to BAE's Reply in Support of its Motion to Strike.

---

[1] In no less than seven paragraphs in its Counterclaim, Fluor alleged it provided timely notice of all BAE caused changes. <u>See</u> ECF 29 at ¶¶ 17, 191, 210, 218, 229, 237, and 243.

4

Dated: July 20, 2021

        Respectfully submitted,

        /s/ Scott P. Fitzsimmons

        Scott P. Fitzsimmons, Esq. (VSB 68147)
        Kathleen O. Barnes, Esq. (VSB 30451)
        Edward J. Parrott, Esq. (VSB 29499)
        WATT, TIEDER, HOFFAR
        & FITZGERALD, LLP
        1765 Greensboro Station Place, Suite 1000
        McLean, Virginia 22102
        Tel: (703) 749-1000
        Fax: (703) 893-8029
        sfitzsimmons@watttieder.com
        kbarnes@watttieder.com
        eparrott@watttieder.com

        *Attorneys for Fluor Federal Solutions, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of July 2021, a copy of the foregoing was delivered via the CM/ECF system to the following:

>Todd M. Conley
>Jeffrey J. Golimowski
>WOMBLE BOND DICKINSON (US) LLP
>8350 Broad Street, Suite 1500
>Tysons, Virginia 22102
>Telephone: (703) 394-2275
>Email: todd.conley@wbd-us.com
>Email: jeff.golimowski@wbd-us.com


>D. Stan Barnhill (VSB #22978)
>Joshua R. Treece (VSB #79149)
>Justin E. Simmons (VSB # 77319)
>WOODS ROGERS PLC
>10 South Jefferson Street, Suite 1400
>Roanoke, Virginia 24011
>Telephone: (540) 983-7600
>Facsimile: (540) 983-7711
>Email: barnhill@woodsrogers.com
>Email: jtreece@woodsrogers.com
>Email: jsimmons@woodsrogers.com


>Karen M. Stemland (VSB #47167)
>WOODS ROGERS PLC
>123 East Main Street, 5th Floor
>Charlottesville, Virginia 22902
>Telephone: (434) 220-6826
>Facsimile: (434) 566-0473
>Email: kstemland@woodsrogers.com

*Attorneys for BAE Systems Ordnance Systems, Inc.*

Respectfully submitted,


/s/ Scott P. Fitzsimmons
Scott P. Fitzsimmons, Esq. (VSB 68147)
WATT, TIEDER, HOFFAR
& FITZGERALD, LLP
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1000
Fax: (703) 893-8029
sfitzsimmons@watttieder.com

*Attorney for Fluor Federal Solutions, LLC*