**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| BAE SYSTEMS ORDNANCE SYSTEMS, INC., <br><br> Plaintiff; <br><br> v. <br><br> FLUOR FEDERAL SOLUTIONS, LLC, <br><br> Defendant. | Case No. 7:20-cv-587 |

**BAE SYSTEMS ORDNANCE SYSTEMS, INC.'S**
**OPPOSITION TO FLUOR'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiff BAE Systems Ordnance Systems, Inc. ("BAE"), files this Opposition to Defendant Fluor Federal Solutions, LLC's ("Fluor") Motion for Leave to File a Sur-Reply to ("Motion") (ECF No. 51) to BAE's Reply in Support of its Motion to Strike (ECF No. 50).[1] Because Fluor's Motion fails to follow basic orders of the Court, and is nevertheless meritless, the Court should deny the Motion.

**ARGUMENT**

**I.  Fluor's disregard of the Court's Scheduling Order and Rules warrants denial of its Motion.**

On July 12, 2021, this Court entered the Scheduling Order (ECF No. 48) that governs actions and procedures in this case. In that Scheduling Order, the Court unambiguously stated, "[a] surreply brief may not be filed without prior leave of the court." Order ¶ 9 (ECF No. 48). The foregoing is reiterated in the Local Rules, which provide that "no further briefs [after a reply] are to be submitted without first obtaining leave of court." Local R. 11(c)(1).

---

[1] The enforceability of the LOD is a key consideration that will significantly impact the Parties' strategy and allocation of resources for the remainder of the litigation. The Parties would benefit from early resolution of BAE's Motion to Strike. As such, the Parties are currently working to schedule oral argument on the Motion to Strike at the Court's earliest available date.

In apparent recognition that its Motion is without merit, yet wanting to ensure that its sur-reply made it before the Court, Fluor failed to follow the Order and the Rules and filed its sur-reply without first obtaining leave to do so. *See* Def.'s Mot., Ex. 1 (ECF No. 51-1). The fact that Fluor chose to include the brief as an exhibit is immaterial: Fluor "filed" its "sur-reply" brief with the Court without permission to do so. Allowing Fluor to include its sur-reply with the Motion effectively moots the Order and Rules by providing a *de facto* mechanism for submitting sur-reply briefs without leave of the Court. Therefore, on these grounds alone, the Motion should be denied.

II.     **BAE did not raise new issues that necessitate a sur-reply.**

In addition to ignoring the procedures of this Court, Fluor's Motion substantively fails to justify a sur-reply because the arguments raised in BAE's Reply in Support of its Motion to Strike were not new arguments. BAE simply responded to arguments Fluor raised in its Opposition, which is the exact purpose of a reply brief, and those responses do not qualify as "new" arguments. Fluor offers no compelling reason to find otherwise. Indeed, if Fluor is correct, parties would always have the right to file a sur-reply, which contradicts the Court's Order and the Rules.

In its Motion, Fluor argues that BAE raised three "new" arguments in its Reply. The first relates to BAE's response to Fluor's interpretation of Virginia Code § 11-4.1:1. This is an argument that Fluor—not BAE—raised for the first time in its Opposition to BAE's Motion to Strike. *See* Def.'s Opp'n at 11–16 (ECF No. 44).[2] As the moving party, BAE is entitled to rebut and respond to arguments Fluor raised in opposition, and that is exactly what BAE did. *See* Pl.'s Reply at 15–18. The mere fact that BAE responded to an argument raised by Fluor in its Opposition does not make BAE's position "new" or grounds for a sur-reply. *See F.D.I.C. v. Cashion*, 720 F.3d 169, 176 (4th Cir. 2013) ("The reply brief therefore did not raise a new legal theory or new evidence, but instead responded to

---

[2] One need not look any further than Fluor's own Motion to determine that BAE's arguments were in response to Fluor's Opposition because Fluor leads its argument with: "As set forth in Fluor's opposition brief . . . ." Def.'s Mot. at 1.

2

[Defendant's] own argument and evidence. That [Defendant] failed to anticipate how the [Plaintiff] would respond . . . does not automatically entitle him to file a surreply.").

Similarly, the third "new" argument, which relates to BAE's interpretation of the Limitation on Damages clause ("LOD"), is not new. Fluor asserted in its Opposition that BAE's interpretation of the LOD was not correct because it could result in Fluor being required to perform BAE-directed change order work in excess of $30 million and not be paid for it. *See* Def.'s Opp'n at 9–10. BAE explained in its Reply that Fluor's argument was unfounded and Fluor had no obligation to perform, and BAE had no right to direct, changed work in excess of $30 million. *See* Pl.'s Reply at 12–15. Fluor may disagree with BAE's response but that does not make it a new argument. As such, Fluor has no grounds for a sur-reply as to this argument.

Lastly, Fluor argued in its Opposition that the LOD clauses were ambiguous and "parol evidence in this case may explain the ambiguity and the Parties' actual intent." Def.'s Opp'n at 24.[3] While it is BAE's position that the LOD clauses are not ambiguous, BAE submitted evidence directly refuting Fluor's position by showing Fluor's contemporary interpretation of the LOD's meaning at the time of contracting. BAE's rebuttal, and submission of the email, is a direct response to Fluor's position in its Opposition and not a "new" argument that necessitates the filing of any sur-reply.[4]

Finally, Fluor failed to mention in its Motion that it has requested oral argument on BAE's Motion to Strike. Fluor, therefore, will have the opportunity to address and contest BAE's alleged "new" arguments without the need to file a sur-reply.

---

[3] To the extent Fluor and the Court believe discovery on this issue is necessary, it is BAE's position that discovery on the Parties' intentions as it relates to the LOD clause should be conducted and the issue resolved by the Court prior to discovery on the remaining issues in the case.

[4] Fluor's argument that it must address BAE's inclusion of an email describing Fluor's interpretation of the LOD that it proposed is, to say the least, ironic. Fluor based the majority of its Counterclaim on inadmissible parol evidence (i.e., every reference to an 85% complete design). Now Fluor reverses course and asks the Court to disregard parol evidence because it is "improper at this stage of litigation." The only logical explanation for Fluor's change in position is simple: Fluor wishes to have the case decided based only on facts that are favorable to Fluor. Yet, Fluor cannot have it both ways.

## **CONCLUSION**

In sum, Fluor's Motion is improper (due to the actual filing of its sur-reply) and meritless (due to lack of so-called "new" issues). As such, BAE respectfully requests that this Court deny Fluor's Motion for Leave to File Sur-Reply and grant such other relief as justice requires.


Dated: July 27, 2021                                Respectfully submitted,

                                                    BAE SYSTEMS ORDNANCE SYSTEMS, INC.

                                                    By:  /s/ Jeffrey J. Golimowski

                                                    Todd M. Conley (VSB #89839)
                                                    Jeffrey J. Golimowski (VSB #93525)
                                                    WOMBLE BOND DICKINSON (US) LLP
                                                    8350 Broad Street, Suite 1500
                                                    Tysons, VA 22102
                                                    Telephone:  (703) 394-2245
                                                    Facsimile: (703) 918-2257
                                                    todd.conley@wbd-us.com
                                                    jeff.golimowski@wbd-us.com

                                                    Joshua R. Treece (VSB #79149)
                                                    Justin E. Simmons (VSB # 77319)
                                                    WOODS ROGERS PLC
                                                    10 South Jefferson Street, Suite 1800
                                                    Roanoke, Virginia 24011
                                                    Telephone:  (540) 983-7600
                                                    Facsimile: (540) 983-7711
                                                    jtreece@woodsrogers.com
                                                    jsimmons@woodsrogers.com

                                                    Karen M. Stemland (VSB #47167)
                                                    WOODS ROGERS PLC
                                                    123 East Main Street, 5th Floor
                                                    Charlottesville, Virginia 22902
                                                    Telephone: (434) 220-6826
                                                    Facsimile: 434-566-0473
                                                    kstemland@woodsrogers.com

                                                    *Counsel for BAE Systems Ordnance Systems, Inc.*