**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| BAE SYSTEMS ORDNANCE SYSTEMS, INC., <br><br> *Plaintiff/Counterclaim-Defendant,* <br><br> v. <br><br> FLUOR FEDERAL SOLUTIONS, LLC, <br><br> *Defendant/Counterclaim-Plaintiff.* | Case No. 7:20-cv-587 |

**JOINT RULE 26(F) REPORT AND DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), Plaintiff/Counterclaim-Defendant BAE Systems Ordnance Systems, Inc. ("BAE") and Defendant/Counterclaim-Plaintiff Fluor Federal Solutions, LLC ("Fluor") jointly submit this report and discovery plan.

**I.  Conference Participants**

The parties conferred by counsel on July 23, 2021.  The following attorneys participated in the conference: Todd M. Conley, Jeffrey J. Golimowski, and Justin E. Simmons, for BAE; and Scott P. Fitzsimmons, Kathleen O. Barnes, Sarah Bloom and Gregory M. Wagner, for Fluor.

**II.  Proposed Changes to Scheduling Order**

The parties agree to request the following additions and changes to the Court's Scheduling Order entered July 12, 2021 (ECF No. 48):

A.  The deadline for filing the Rule 26(f) Plan be changed to **August 13, 2021**;

B.  The deadline for exchanging initial disclosures under Rule 26(a) be changed to **September 13, 2021**;

      C.     The deadline to file dispositive motions and motions to exclude experts be changed from 75 days to 78 days before trial (**December 19, 2022**).

      D.     The deadline to file motions in limine be set 38 days before trial (**January 27, 2023**);

      E.     The deadline to exchange witness and exhibit lists be changed from 21 days to 34 days before trial (**January 31, 2023**);

      F.     The deadline to exchange deposition designations be set for 34 days before trial (**January 31, 2023**);

      G.     The deadline to exchange deposition counter-designations and make objections to proposed witnesses and exhibits and deposition designations be set for 27 days before trial (**February 7, 2023**);

      H.     The deadline to make objections to deposition counter-designations be set for 21days before trial (**February 14, 2023**); and

      I.     The deadline to file proposed findings of fact and conclusions of law be set for eight days before trial (**February 27, 2023**).

Except with consent of the parties or with leave of court upon good cause shown, this schedule requires that all written discovery be served in sufficient time to allow the responding party time to respond on or before the cutoff date for discovery.

The parties differ as to the appropriate dates on which to require expert designations, rebuttal designations, and close discovery. Each party has attached a proposed Scheduling Order. Plaintiff BAE proposes the schedule in Exhibit 1. Defendant Fluor proposes the schedule in Exhibit 2.

## III.  Prospect of Settlement

The parties agree that settlement discussions would not be fruitful at this stage of the case. But the parties agree to revisit the issue after the Court has decided their pending motions under Rule 12(b)(6) and 12(f).

## IV.  Discovery Plan

### A.  Initial Disclosures

The parties will exchange initial disclosures under Rule 26(a) by September 13, 2021.  The parties agree that no changes are required to the form or requirements for disclosure under Rule 26(a).

### B.  Discovery Subjects and Phases

Without waiving any objection to a discovery request(s) including, without limitation, an objection to relevance, the parties agree that discovery will be conducted on the following general issues:

1.      Each fact alleged in BAE's Complaint and denied by Fluor;

2.      Each fact alleged in Fluor's Counterclaim and denied by BAE;

3.      Each affirmative defense asserted by Fluor; and

4.      Each affirmative defense asserted by BAE.

The Parties agree that all fact and expert discovery-related papers, including discovery requests, discovery objections/responses, and trial subpoenas to parties (and their officers, directors, employees, and persons acting at their direction or under their control), may and shall be served by email.

Service of all papers shall be deemed effective when sent to the email addresses of counsel as they appear on the Court's docket.

The Parties agree to cooperate with each other in good faith in all discovery-related matters. Absent emergencies and vacations of counsel or their clients, all informal requests for cooperation

relating to discovery shall be responded to within 3 business days and "meet and confer" discussions will take place within 5 business days of a request for same. If the Parties are unable to resolve a discovery dispute through the meet-and-confer process, the Parties shall comply with procedures set forth in Paragraph 7 of the Scheduling Order.

Without limitation to any other remedies under the Federal Rules of Civil Procedure, if any party intends to call as a witness for trial someone who was not deposed, the other parties may depose that person on providing 5 days' written notice if the witness was not identified in initial disclosures, as amended.

BAE believes that the scope of discovery could change substantially depending on the outcome of the parties' pending motions under Rule 12(b)(6) and 12(f) and is contemplating moving to stay discovery until the Court decides those motions. BAE raised the possibility of such a motion to stay during the parties' conference. Fluor does not agree that the scope of necessary discovery in this matter will change significantly depending on the Court's decisions on the parties' motions to dismiss and motion to strike. Fluor stated that it does not believe discovery should be stayed and that it would oppose a motion to stay discovery until the determination of the parties' pending motions under Rule 12(b)(6) and 12(f).

Depending on the outcome of its pending motion under Rule 12(f), BAE is also contemplating moving to bifurcate for separate trial the issue of the enforceability of the limitation-of-damages ("LOD") provision in the subject contract against Fluor, pursuant to Rule 42(b). If BAE moves for such bifurcation, then it would also move to stay all discovery unrelated to the LOD provision until the Court has determined whether that provision is enforceable. BAE raised the possibility of such a motion to bifurcate and stay discovery during the conference. Fluor does not believe that the issue of the enforceability of the LOD provision should be bifurcated for separate trial or that discovery should be stayed until the Court has determined whether that provision is enforceable, Fluor would oppose

4

the motion to bifurcate for separate trial and to stay discovery described by BAE because bifurcation and a stay of discovery will not increase the efficiency of pretrial preparation.

Fluor believes immediate third-party discovery is necessary with respect to Lauren Engineers & Constructors ("Lauren"), the original subcontractor to BAE on this Project, because it recently filed for bankruptcy under Chapter 7 and began to auction off its assets. Fluor intends to seek the production of the Lauren documents that are relevant to the NC Facility Project before the documents are lost or destroyed.  BAE has no objection to Fluor commencing third-party discovery on Lauren.

### C.  Production of Electronically Stored Information

The parties have discussed the extent of electronically stored information ("ESI") in this case and are in the process of negotiating a protocol governing the production of such information along with hard copy documents.  The protocol will provide for the production and management of ESI and hard copy documents through a manageable, searchable format.

### D.  Privilege Issues

The parties are not presently aware of any issues relating to privilege claims.  The parties will produce appropriate privilege logs, as necessary, and the parties are in the process of negotiating an agreement governing the handling of inadvertently disclosed information and documents.

### E.  Discovery Requirements and Limitations

The parties agree to expand the number of depositions each party may take under Rule 30(a) from 10 to 20.  With this one exception, the parties anticipate that they will be able to comply with all other discovery requirements and limitations set forth in the applicable Federal Rules of Civil Procedure and Local Rules.

**F.  Other Orders.**  The parties have discussed the need for a protective order governing the disclosure and production of confidential information and documents and are in the process of negotiating such an order.  The proposed protective order will include an agreement permitting the

parties to clawback inadvertently disclosed, privileged documents. With these exceptions, the parties

are not presently aware of any other orders that the Court needs to issue under Rule 26(c) or Rule 26.

Agreed: August 13, 2021

_/s/ Jeffrey J. Golimowski_
*Counsel for BAE Systems Ordnance Systems, Inc.*

Todd M. Conley (VSB No. 89839)
Jeffrey J. Golimowski (VSB No. 93525)
WOMBLE BOND DICKINSON (US) LLP
8350 Broad Street, Suite 1500
Tysons, VA 22102
Telephone:  (703) 394-2245
todd.conley@wbd-us.com
jeff.golimowski@wbd-us.com

Joshua R. Treece (VSB No. 79149)
jtreece@woodsrogers.com
Justin E. Simmons (VSB No. 77319)
jsimmons@woodsrogers.com
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Telephone:  (540) 983-7600
Facsimile: (540) 983-7711

Karen M. Stemland (VSB No. 47167)
WOODS ROGERS PLC
123 East Main Street, 5th Floor
Charlottesville, Virginia 22902
Telephone: (434) 220-6826
Facsimile: 434-566-0473
kstemland@woodsrogers.com

_/s/ Kathleen O. Barnes_
*Counsel for Fluor Federal Solutions, LLC*

Scott P. Fitzsimmons, Esq. (VSB 68147)
Kathleen O. Barnes, Esq. (VSB 30451)
Edward J. Parrott, Esq. (VSB 29499)
Sarah K. Bloom, Esq. (VSB 94406)
Gregory M. Wagner (VSB 96107)
WATT, TIEDER, HOFFAR
& FITZGERALD, LLP
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1000
Fax: (703) 893-8029
sfitzsimmons@watttieder.com
kbarnes@watttieder.com
eparrott@watttieder.com
sbloom@watttieder.com
gwagner@watttieder.com