# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Roanoke Division

| | |
|---|---|
| **BAE SYSTEMS ORDNANCE SYSTEMS, INC.** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **FLUOR FEDERAL SOLUTIONS, LLC** ) <br> ) <br> **Defendant.** ) <br> ) | Civil Action No. 7:20-CV-00587-MFU |

## AMENDED SCHEDULING ORDER

For good cause shown, the Court Orders that its July 12, 2021 Scheduling Order (ECF No. 48) be, and it hereby is, AMENDED as follows:

### Summary

| | |
|---|---|
| **TRIAL DATE:** | March 6-24, 2023 (Bench Trial) <br> 9:30 a.m. |
| **PLACE:** | UNITED STATES DISTRICT COURT <br> 210 Franklin Rd SW <br> Roanoke, VA 24011 |

**FED. R. CIV. P. 26(f) CONFERENCE:**    July 23, 2021

**FILING OF RULE 26(f) PLAN:**    August 13, 2021

**INITIAL DISCLOSURES UNDER**
**FED. R. CIV.P. 26(a):**    September 13, 2021

**DEADLINE FOR MOTIONS TO JOIN OTHER PARTIES**
**OR AMEND PLEADINGS WITHOUT LEAVE OF COURT:** February 28, 2022

| | |
|---|---|
| **INITIAL EXPERT DESIGNATIONS AND REPORTS:** | **August 1, 2022** |
| **REBUTTAL EXPERT DESIGNATIONS AND REPORTS:** | **November 9, 2022** |
| **DEADLINE TO COMPLETE DISCOVERY:** | **December 9, 2022** |
| **DEADLINE TO FILE DISPOSITIVE MOTIONS AND MOTIONS TO EXCLUDE EXPERTS:** | **December 19, 2022** |
| **DEADLINE FOR HEARING DISPOSITIVE MOTIONS AND MOTIONS TO EXCLUDE EXPERTS:** | **January 20, 2023** |
| **DEADLINE FOR FILING MOTIONS IN LIMINE:** | **January 27, 2023** |
| **DEADLINE FOR PARTIES TO EXCHANGE WITNESS AND EXHIBIT LISTS:** | **January 31, 2023** |
| **DEADLINE FOR DEPOSITION DESIGNATIONS:** | **January 31, 2023** |
| **DEADLINE FOR COUNTERDESIGNATIONS, OBJECTIONS TO DEPOSITION DESIGNATIONS:** | **February 7, 2023** |
| **DEADLINE FOR OBJECTIONS TO COUNTERDESIGNATIONS:** | **February 14, 2023** |
| **DEADLINE FOR HEARING ON MOTIONS IN LIMINE AND MOTIONS OBJECTING TO DEPOSITION TESTIMONY OR TRIAL EXHIBITS:** | **February 20, 2023** |
| **DEADLINE FOR PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:** | **February 27, 2023** |

## Trial

1. This case is set for a bench trial, scheduled to begin at 9:30 am on March 6, 2023.

2. The parties shall contact Kristin Ayersman, Courtroom Deputy, (kristina@vawd.uscourts.gov; 540-857-5153), to schedule a pretrial conference to be held no later than fourteen (14) days prior to trial.

2

3. Proposed findings of fact and conclusions of law must be filed electronically via CM/ECF at least seven (7) days prior to trial. The parties also should email the proposed findings of fact and conclusions of law in Word format, with citations, to urbanski.ecf@vawd.uscourts.gov, and copy opposing counsel.

4. Motions in Limine, including motions objecting to introduction of deposition testimony and trial exhibits, must be heard no later than the final pretrial conference.

5. Box.com will be used in the trial of this case. Counsel must upload proposed exhibits, except as allowed by the mandatory provisions of Western District of Virginia General Local Rule 9, any protective order issued in this case, and Standing Order No. 2021-01 related to Highly Sensitive Documents, one week prior to trial into Box.com. It will be assumed that all exhibits have been previously disclosed and that there is no objection to an exhibit unless promptly made. Evidence will not be displayed to a witness until it has been admitted if there is any question as to its admissibility. Evidence display by counsel at trial is required, so that witnesses need not be handed exhibits.

**Motions**

6. All non-dispositive pretrial motions and issues, except motions in limine, are hereby referred to United States Magistrate Judge Robert S. Ballou, as authorized by 28 U.S.C. § 636(b)(1)(A). Hearings on motions before Judge Ballou are scheduled by contacting Judge Ballou's Chambers at (540) 857-5158.

7. Before filing any discovery motions, the parties are directed to contact the magistrate judge by telephone in an effort to resolve the issue.

8. A supporting brief must accompany all pretrial motions unless the motion contains the legal argument necessary to support it or is certified to be unopposed.

9. If any motion, properly filed and briefed, is to be opposed, a brief in opposition must be filed. For all motions other than motions in limine, opposition briefs must be filed within fourteen (14) days of the date of service of the movant's brief (or within fourteen (14) days of this order if a motion and supporting brief were served before this order). Briefs in opposition to motions in limine must be filed within seven (7) days of the date of service of the movant's motion in limine. Except for good cause shown, if a brief opposing a motion is not timely filed, the court will consider the motion to be unopposed. If a moving party desires to submit a reply brief, it must be filed within seven (7) days of the date of service of the brief opposing the motion. A surreply brief may not be filed without prior leave of the court.

10. Exclusive of any accompanying exhibits, a brief may not exceed twenty-five (25) pages in length using standard margins, double-spaced lines, and a font no smaller than 12-point Garamond, unless the filing party first obtains leave of the court after showing good cause why a longer brief is necessary.

11. When a dispositive motion, together with its supporting brief and exhibits, consists of fifty (50) or more pages, the filing party must send a paper courtesy copy of the documents to Judge Urbanski's chambers at 210 Franklin Road, SW, Suite 350, Roanoke, VA 24011-2208.

12. No motion, brief, or exhibit may be filed under seal, except as allowed by the mandatory provisions of Western District of Virginia General Local Rule 9, any protective order issued in this case, and Standing Order No. 2021-01 related to Highly Sensitive Documents. The requirements of General Local Rule 9 may not be modified by a stipulated protective order or other agreement of the parties.

13. Motions to join the parties and amend the pleadings shall comply with Rules 15 and 19 of the Federal Rules of Civil Procedure. Absent unusual circumstances, such motions should be filed

prior to the close of discovery.

14. The court does not generally schedule motions hearings. Such scheduling is the responsibility of the parties. Any party requesting a hearing must contact Kristin Ayersman ([kristina@vawd.uscourts.gov](kristina@vawd.uscourts.gov); 540-857-5153), to set a hearing date. If the parties do not promptly schedule a hearing, the court will rule on the motion without a hearing.

15. Non-dispositive motions, including motions for enlargement of time, whether or not opposed, may be acted upon at any time by the court without awaiting a response.

### **Witnesses**

16. Expert witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony must prepare a written report that conforms to the requirements of Rule 26(a)(2)(B). All written reports shall be served not later than the date for expert disclosures set forth in this order.

17. With respect to expert witnesses who are not retained or specially employed to provide expert testimony, such as a treating physician, or other person who may qualify as both an expert and a fact witness, the parties must disclose the identity of any such witnesses and provide a summary of all opinions the witness will render and the basis therefore not later than the date for expert disclosures set forth in this order.

18. Any motion to exclude the testimony of an expert must be filed no later than the deadline for filing motions for summary judgment.

19. The parties shall exchange lists of trial exhibits to be used in their case-in-chief and witnesses they expect to call in their case-in-chief at trial no later than twenty-one (21) days prior to trial. For each witness, the list shall include the witness's name and address and a summary of the witness's anticipated testimony.

**Settlement Conference / Mediation**

20.     Upon motion of any party, the court will refer the case to a magistrate judge to conduct a settlement conference / mediation.

21.     If the case settles before trial and the court does not receive a proposed final order within thirty (30) days after the court received oral or written notification of the settlement, the court will dismiss the case with prejudice and retain jurisdiction to enforce the settlement if any party so moves within sixty (60) days of the entry of the dismissal order.

Entered:

                                        Robert S. Ballou
                                        United States Magistrate Judge