Case 7:20-cv-00587-MFU-RSB   Document 61-1   Filed 10/05/21   Page 1 of 4   Pageid#: 1752

JOURNAL OF THE SENATE          -1839-          Wednesday, April 15, 2015

  strike
    *Governor's*
  insert
    *Commonwealth's*

2. Line 8, enrolled, after *§ 44-120.2.*
  strike
    ***Governor's***
  insert
    ***Commonwealth's***

3. Line 9, enrolled, after *established the*
  strike
    *Governor's*
  insert
    *Commonwealth's*

          Sincerely,

          /s/ Terence R. McAuliffe

The reading of the communication was waived.

**S.B. 848,** on motion of Senator Stanley, was amended in accordance with the recommendations of the Governor.

The recorded vote is as follows:
YEAS--38. NAYS--2. RULE 36--0.

YEAS--Alexander, Barker, Black, Carrico, Chafin, Colgan, Cosgrove, Dance, Deeds, Ebbin, Edwards, Favola, Hanger, Howell, Lewis, Locke, Lucas, Marsden, Martin, McDougle, McEachin, McWaters, Miller, Newman, Norment, Obenshain, Petersen, Puller, Reeves, Ruff, Saslaw, Smith, Stanley, Stosch, Vogel, Wagner, Watkins, Wexton--38.
NAYS--Garrett, Stuart--2.
RULE 36--0.

**S.B. 891** (eight hundred ninety-one) was taken up together with the following communication from the Governor:

       COMMONWEALTH OF VIRGINIA
        Office of the Governor

         March 27, 2015

TO: SENATE OF VIRGINIA
  SENATE BILL NO. 891

  I approve the general purpose of this bill, but I am returning it without my signature with the request that the attached Amendment in the Nature of a Substitute be accepted.



| Wednesday, April 15, 2015 | -1840- | JOURNAL OF THE SENATE |

Sincerely,

/s/ Terence R. McAuliffe

AMENDMENT IN THE NATURE OF A SUBSTITUTE FOR SENATE BILL NO. 891
[The substitute having been printed separately, the title only is recorded as follows:]

A BILL to amend and reenact § 43-3 of the Code of Virginia and to amend the Code of Virginia by adding a section numbered 11-4.1:1, relating to mechanics' liens; subcontractor's waiver of lien rights.

The reading of the communication was waived.

**S.B. 891,** on motion of Senator Petersen, was amended in accordance with the recommendation of the Governor.

The recorded vote is as follows:
YEAS--35. NAYS--5. RULE 36--0.

YEAS--Alexander, Barker, Black, Colgan, Cosgrove, Dance, Deeds, Ebbin, Edwards, Favola, Hanger, Howell, Lewis, Locke, Lucas, Marsden, Martin, McDougle, McEachin, McWaters, Miller, Newman, Norment, Obenshain, Petersen, Puller, Reeves, Ruff, Saslaw, Smith, Stosch, Vogel, Wagner, Watkins, Wexton--35.
NAYS--Carrico, Chafin, Garrett, Stanley, Stuart--5.
RULE 36--0.

**S.B. 965** (nine hundred sixty-five), on motion of Senator Petersen, was passed by temporarily.

**S.B. 1049** (one thousand forty-nine) was taken up together with the following communication from the Governor:

COMMONWEALTH OF VIRGINIA
Office of the Governor

March 27, 2015

TO: SENATE OF VIRGINIA
SENATE BILL NO. 1049

I approve the general purpose of this bill, but I am returning it without my signature with the request that the attached Amendment in the Nature of a Substitute be accepted.

Sincerely,

/s/ Terence R. McAuliffe

AMENDMENT IN THE NATURE OF A SUBSTITUTE FOR SENATE BILL NO. 1049
[The substitute having been printed separately, the title only is recorded as follows:]

A BILL to amend and reenact §§ 53.1-80, 53.1-81, and 53.1-82 of the Code of Virginia, relating to reimbursement of capital costs; jails; regional jails; regional contracts for cooperative jailing.


LEGISLATIVE INTENT SERVICE   (800) 666-1917

**2015 SESSION**

**SENATE SUBSTITUTE**

15105750D

**SENATE BILL NO. 891**
**AMENDMENT IN THE NATURE OF A SUBSTITUTE**
**(Proposed by the Governor**
**on March 27, 2015)**
(Patron Prior to Substitute—Senator Petersen)

A BILL to amend and reenact § 43-3 of the Code of Virginia and to amend the Code of Virginia by adding a section numbered 11-4.1:1, relating to mechanics' liens; subcontractor's waiver of lien rights.

Be it enacted by the General Assembly of Virginia:

1. That § 43-3 of the Code of Virginia is amended and reenacted and that the Code of Virginia is amended by adding a section numbered 11-4.1:1 as follows:

§ 11-4.1:1. *Waiver of payment bond claims and contract claims; construction contracts.*

*A subcontractor as defined in § 43-1, lower-tier subcontractor, or material supplier may not waive or diminish his right to assert payment bond claims or his right to assert claims for demonstrated additional costs in a contract in advance of furnishing any labor, services, or materials. A provision that waives or diminishes a subcontractor's, lower-tier subcontractor's, or material supplier's right to assert payment bond claims or his right to assert claims for demonstrated additional costs in a contract executed prior to providing any labor, services, or materials is null and void.*

§ 43-3. *Lien for work done and materials furnished; waiver of right to file or enforce lien.*

A. All persons performing labor or furnishing materials of the value of $150 or more, including the reasonable rental or use value of equipment, for the construction, removal, repair or improvement of any building or structure permanently annexed to the freehold, and all persons performing any labor or furnishing materials of like value for the construction of any railroad, shall have a lien, if perfected as hereinafter provided, upon such building or structure, and so much land therewith as shall be necessary for the convenient use and enjoyment thereof, and upon such railroad and franchises for the work done and materials furnished, subject to the provisions of § 43-20. But when the claim is for repairs or improvements to existing structures only, no lien shall attach to the property repaired or improved unless such repairs or improvements were ordered or authorized by the owner, or his agent.

If the building or structure being constructed, removed or repaired is part of a condominium as defined in § 55-79.41 or under the Horizontal Property Act (§§ 55-79.1 through 55-79.38), any person providing labor or furnishing material to one or more units or limited common elements within the condominium pursuant to a single contract may perfect a single lien encumbering the one or more units which are the subject of the contract or to which those limited common elements pertain, and for which payment has not been made. All persons providing labor or furnishing materials for the common elements pertaining to all the units may perfect a single lien encumbering all such condominium units. Whenever a lien has been or may be perfected encumbering two or more units, the proportionate amount of the indebtedness attributable to each unit shall be the ratio that the percentage liability for common expenses appertaining to that unit computed pursuant to subsection D of § 55-79.83 bears to the total percentage liabilities for all units which are encumbered by the lien. The lien claimant shall release from a perfected lien an encumbered unit upon request of the unit owner as provided in subsection B of § 55-79.46 upon receipt of payment equal to that portion of the indebtedness evidenced by the lien attributable to such unit determined as herein provided. In the event the lien is not perfected, the lien claimant shall upon request of any interested party execute lien releases for one or more units upon receipt of payment equal to that portion of the indebtedness attributable to such unit or units determined as herein provided but no such release shall preclude the lien claimant from perfecting a single lien against the unreleased unit or units for the remaining portion of the indebtedness.

B. Any person providing labor or materials for site development improvements or for streets, stormwater facilities, sanitary sewers or water lines for the purpose of providing access or service to the individual lots in a development or condominium units as defined in § 55-79.41 or under the Horizontal Property Act (§§ 55-79.1 through 55-79.38) shall have a lien on each individual lot in the development for the fractional part of the total value of the work contracted for by the claimant in the subdivision as is obtained by using "one" as the numerator and the number of lots being developed as the denominator and in the case of a condominium on each individual unit in an amount computed by reference to the liability of that unit for common expenses appertaining to that condominium pursuant to subsection D of § 55-79.83; provided, however, no such lien shall be valid as to any lot or condominium unit unless the person providing such work shall, prior to the sale of such lot or condominium unit, file with the clerk of the circuit court of the jurisdiction in which such land lies a document setting forth a full disclosure of the nature of the lien which may be claimed, the total value of the work contracted for by the claimant in the subdivision and the portion thereof allocated to each lot as required herein, and a

SB891S2 2 of 2

60 description of the development or condominium, and shall, thereafter, comply with all other applicable
61 provisions of this chapter. "Site development improvements" means improvements which are provided
62 for the development, such as project site grading, traffic signalization, and installation of electric, gas,
63 cable, or other utilities, for the benefit of the development rather than for an individual lot. In
64 determining the individual lots in the development for the purpose of allocating value of the work
65 contracted for by the claimant, parcels of land within the development which are common area, or
66 which are being developed for the benefit of the development as a whole and not for resale, shall not be
67 included in the denominator of the disclosure statement.
68     Nothing contained herein shall be construed to prevent the filing of a mechanics' lien under the
69 provisions of subsection A, or require the lien claimant to elect under which subsection the lien may be
70 enforced.
71     C. Any right to file or enforce any mechanics' lien granted hereunder may be waived in whole or in
72 part at any time by any person entitled to such lien, *except that a subcontractor, lower-tier*
73 *subcontractor, or material supplier may not waive or diminish his lien rights in a contract in advance of*
74 *furnishing any labor, services, or materials. A provision that waives or diminishes a subcontractor's,*
75 *lower-tier subcontractor's, or material supplier's lien rights in a contract executed prior to providing*
76 *any labor, services, or materials is null and void*. In the event that payments are made to the contractor
77 without designating to which lot the payments are to be applied, the payments shall be deemed to apply
78 to any lot previously sold by the developer such that the remaining lots continue to bear liability for an
79 amount up to but not exceeding the amount set forth in any disclosure statement filed under the
80 provisions of subsection B.
81     D. A person who performs labor without a valid license or certificate issued by the Board for
82 Contractors pursuant to Chapter 11 (§ 54.1-1100 et seq.) of Title 54.1, or without the proper class of
83 license for the value of the work to be performed, when such a license or certificate is required by law
84 for the labor performed shall not be entitled to a lien pursuant to this section.