# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| BAE SYSTEMS ORDNANCE SYSTEMS, INC., <br><br> *Plaintiff/Counterclaim-Defendant,* <br><br> v. <br><br> FLUOR FEDERAL SOLUTIONS, LLC, <br><br> *Defendant/Counterclaim-Plaintiff.* | Case No. 7:20-cv-587 |

## BAE SYSTEMS ORDNANCE SYSTEMS, INC.'S OBJECTIONS TO FLUOR FEDERAL SOLUTIONS, LLC'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, BAE Systems Ordnance Systems, Inc. ("BAE"), through its undersigned counsel, hereby provides the following Objections to Fluor Federal Solutions, LLC's ("Fluor") First Set of Interrogatories.

## PRELIMINARY STATEMENT

BAE and Fluor have each filed motions to dismiss. (ECF 38, 30.)  BAE also filed a motion to strike. (ECF 36.)  The briefing on all three motions has been completed and all are scheduled for hearing in January 2022.   BAE will be filing Motions to Stay and to Bifurcate discovery.  For the reasons which will be stated in support of BAE's forthcoming Motions to Stay and to Bifurcate, BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

No objection made herein is an admission by BAE as to the existence or non-existence of any information.

EXHIBIT

D

## GENERAL OBJECTIONS

1.      BAE makes and incorporates the following General Objections in response to each and every Interrogatory, whether or not specifically stated in response thereto.  Any specific objections provided below are made in addition to these General Objections, and the failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

2.      BAE objects to Fluor's definitions and instructions to the extent they impose, or purport to impose, any obligations on BAE beyond those required by the Federal Rules of Civil Procedure.

3.      BAE objects to Fluor's definitions to the extent they are based on a false premise and/or inaccurately characterize facts and/or issues in dispute.

4.      BAE objects to Fluor's Interrogatories to the extent that they call for information that is subject to one or more privileges, including, but not limited to, the attorney-client privilege, or any information which constitutes or reflects work product.

5.      BAE objects to Fluor's Interrogatories to the extent that they are overbroad in time and scope and/or seek information that is not reasonably calculated to lead to the production of admissible evidence and/or they seek information that is not relevant to the claim or defense of any party.

6.      BAE objects to Fluor's Interrogatories to the extent that they are vague and/or ambiguous.

7.      BAE objects to Fluor's Interrogatories to the extent that they seek information that is not within BAE OSI's possession, custody and/or control.

8.      BAE objects to Fluor's Interrogatories to the extent they request information equally accessible to Fluor.

9.      BAE objects to Fluor's Interrogatories to the extent they request information containing non-public, confidential and/or proprietary information prior to the entry of an appropriate Protective Order.

## OBJECTIONS TO SPECIFIC INTERROGATORIES

Subject to the foregoing General Objections, BAE provides the following Specific Objections to Fluor's Interrogatories:

1.      Identify and describe in detail all factual, legal or contractual bases, reasons, rationales or arguments for each of BAE's representations to Fluor during the proposal period that the Lauren Design was 85% "Schedule Complete," "an estimated 85% design solution," "estimated at 85%," and "80-90% complete," including representations made at meetings and in email communications on or about March 26, 2015, April 16, 2015, April 23, 2015, July 21, 2015, August 31, 2015, and October 26, 2015. See Exhibit A.  In your response, identify each person with personal knowledge of the facts concerning each representation; and identify all documents referred to, reviewed or relied upon, in any way, to prepare your response.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, the design/build contract requires that Fluor validate, correct, and complete the Lauren Design one Fluor decided to use it, and nothing in the design/build contract contains or incorporates any 85% or 80-90% representation.**

**BAE objects to this interrogatory to the extent it seeks to invade the attorney-client and/or work product privileges.  BAE further objects to this interrogatory to the extent it purports to seeks legal conclusions.**

**BAE objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "all factual, legal or contractual bases, reasons, rationales or arguments for each of BAE's representations to Fluor during the proposal period."  *See, e.g., Wheeler v. Virginia,* 2018 WL 10611693 at \*3**

**(W.D. Va. 2018) (Ballou, J.) (declining to require a party to recount, in detail, all oral communications in response to an interrogatory because "such requests are impossible to satisfy.")**

2.      Identify and describe in detail all statements, estimates, and representations, whether oral or in writing, that BAE made to the Army regarding the Lauren Design's completion status, including the percentage of completion, between the date that BAE terminated Lauren's design contract and the date that BAE executed the Subcontract with Fluor.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, the design/build contract requires that Fluor validate, correct, and complete the Lauren Design one Fluor decided to use it, and nothing in the design/build contract contains or incorporates any 85% or 80-90% representation.**

**BAE objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "all statements, estimates, and representations, whether oral or in writing, that BAE made to the Army."** *See, e.g., Wheeler v. Virginia,* **2018 WL 10611693 at \*3 (W.D. Va. 2018) (Ballou, J.) (declining to require a party to recount, in detail, all oral communications in response to an interrogatory because "such requests are impossible to satisfy.")**

3.      Identify and describe in detail all actions BAE undertook to evaluate the percentage complete, maturity, condition, status, and progress of the Lauren Design at or around the time that BAE terminated Lauren's design subcontract. In your response, identify all personnel who took such actions.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, the design/build contract requires that Fluor validate, correct,**

and complete the Lauren Design once Fluor decided to use it, and nothing in the design/build contract contains or incorporates any 85% or 80-90% representation.

BAE further objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case.

4.      Identify and state in detail all payments made by BAE to Lauren under the Lauren subcontract(s). In your response, identify each amount paid and the date of payment for all design work performed by Lauren.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

5.      Identify and describe in detail all corrections, redlines, or updates that BAE made to the Lauren Design after terminating the Lauren design subcontract and before executing Fluor's Subcontract with BAE on or about December 17, 2015, to include redlined drawings provided to Fluor on or about December 7, 2015. In your response, identify the personnel involved and the reason why BAE made such redlines, corrections, or updates.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE further objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case.

6.      Identify and describe in detail all bases, reasons, and rationales for BAE's representation made on August 31, 2015, that "the design portion of [Fluor's] proposal is really far out of whack with our expectations. As a reference point, the entire original design was around $15M, and that should be about 80-90% complete." See Exhibit B.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

7.      Identify and describe in detail all bases, reasons, and rationales for BAE's decision to provide the Lauren Design to bidders during the pre-Solicitation and Solicitation phases of the Project, as set forth in Paragraph 42 of your Complaint.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

8.      Identify and describe in detail all bases, reasons, and rationales for BAE's statement made on or about July 15, 2015, that the "[r]eference to exisitng [sic] Lauren standards is a general statement included in a [sic] all sections to ensure that the Lauren developed standards in all discilplines [sic] are referenced and applied to the program." See Exhibit C.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

9.      Identify and describe in detail all bases, reasons, and rationales for BAE's decision to include the Lauren Design in the Subcontract, including in Appendix G, as well as BAE's requirement that the Lauren Design "represent[s] the minimum requirements" for the Project, as set forth in Subcontract Statement of Work Section 2.4.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this interrogatory on the grounds that it is based on a false premise. Section 2.4 of the SOW states:   "Specifications provided in APPENDIX G represent the minimum requirements. The Subcontractor shall prepare their own construction specifications to be used for design review submittals and construction." The Specifications are not equivalent to the Lauren Design.**

10.     Identify and describe in detail BAE's understanding of its design responsibilities related to the Project's Process Design as set forth in the Subcontract, including BAE's responsibilities for any modifications to the Process Design during the Project. In your response identify and describe in detail all factual, legal or contractual bases, reasons or rationales for Your understanding.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

11.     Describe in detail how BAE contends that it managed and implemented its design responsibilities related to the Project's Process Design, including all modifications to the Process Design during the Project. In your response, identify any individuals who stamped the Project's Process Design drawings.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this interrogatory to the extent it is based on a false premise.  *See, e.g.,* Subcontract at Appendix F-2 (Division of Responsibility Matrix).**

**BAE objects to this interrogatory because it is vague and ambiguous as to the meaning of "managed and implemented its design responsibilities."  As currently drafted, BAE is unable to respond to the interrogatory in any meaningful way.**

12.     Identify and describe in detail all factual, legal or contractual bases, reasons, rationales or arguments for, and all documents, communications or correspondence concerning referring or relating to, BAE's allegation that it paid Fluor to, "determine the level of completeness of Lauren's [D]esign and discover any perceived deficiencies," as set forth in Paragraph 61 of BAE's Complaint. In your response, identify each person with personal knowledge of the facts concerning such allegation.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this interrogatory on the grounds that it is overbroad and a premature contention interrogatory because it seeks "all factual, legal or contractual bases, reasons, rationales or arguments for, and all documents, communications or correspondence" to support BAE's contention in Paragraph 61. *See, e.g., See, e.g., Univ. of Virginia Patent Found. v. Gen. Elec. Co.*, 2015 WL 4878880, 2 (W.D. Va. 2015) ("Contention interrogatories . . . can be of limited use 'before substantial documentary or testimonial discovery has been completed' . . . . Rule 33 thus grants courts discretion to 'order that the interrogatory need not be answered until designated discovery is complete.'") (internal citations omitted); *Taggart v. Damon Motor Coach*, 2007 WL 152101. *8 (N.D.W.Va. 2007) ("Although contention interrogatories represent a valid discovery device, they should not be served until near the end of the discovery period . . . . Where significant discovery has not occurred, a motion to compel contention interrogatories should be denied without prejudice") (internal citations omitted).

13.    Identify and describe in detail all factual, legal or contractual bases, reasons, rationales or arguments for BAE's allegation, in Paragraph 30 of its Complaint, that Fluor failed to "complete the process design," and BAE's denial, in Paragraph 167 of its Answer, that BAE retained design responsibilities for the Project's Process Design, when BAE also stated in its July 13, 2021 Reply Brief: "To be clear, BAE does not and has not argued that Fluor is responsible for all aspects of the design. BAE acknowledges that it has limited process design responsibility related to overall plant operations, program management, and the BAE furnished equipment for the NC manufacturing process." See ECF 49 at 5.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this interrogatory on the grounds that it is overbroad and a premature contention interrogatory because it seeks "all factual, legal or contractual bases, reasons, rationales or arguments for, and all documents, communications or correspondence" to support BAE's contention in Complaint Paragraph 30 and Answer Paragraph 167. *See, e.g., See, e.g., Univ. of Virginia Patent Found. v. Gen. Elec. Co.*, 2015 WL 4878880, 2 (W.D. Va.

2015) ("**Contention interrogatories . . . can be of limited use 'before substantial documentary or testimonial discovery has been completed' . . . . Rule 33 thus grants courts discretion to 'order that the interrogatory need not be answered until designated discovery is complete.'**") (internal citations omitted); *Taggart v. Damon Motor Coach*, **2007 WL 152101. \*8 (N.D.W.Va. 2007) ("Although contention interrogatories represent a valid discovery device, they should not be served until near the end of the discovery period . . . . Where significant discovery has not occurred, a motion to compel contention interrogatories should be denied without prejudice")** (internal citations omitted).

14.      Identify and describe in detail all actions that BAE took to analyze, review, assess, evaluate, or consider the Change Proposals (PCN's) submitted by Fluor to BAE on the Project. In your response, identify all persons or entities who participated in, or who possess knowledge of, BAE's analysis of Fluor's PCNs.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case.

15.      Identify and describe in detail all factual, legal or contractual bases, reasons, rationales or arguments for BAE's agreement with the Army to "perform a total of $9,000,000.00 in abnormal maintenance efforts on the legacy NC facility as needed," as set forth in Paragraph 111 and Exhibit I of your Complaint. In your response, identify the individuals from BAE and the Army who negotiated this agreement and how the $9 Million amount was calculated or determined.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

16.      Identify and describe in detail all work performed by BAE as "abnormal maintenance efforts on the legacy NC facility" and work performed on "other projects or efforts at Radford," as set forth in Paragraph 111 and Exhibit I of your Complaint. In your response,

identify the amount credited for each item of work or effort performed against the $9 Million in abnormal maintenance and work on other projects and efforts that BAE agreed to perform without cost to the Army.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

17.    Does BAE contend that both BAE and Fluor foresaw, or reasonably should have foreseen, at the time the Parties executed the Subcontract, that a breach of the Subcontract by Fluor would result in BAE paying concessions to the Army in the form of "abnormal maintenance," to include maintenance on portions of the RFAAP unrelated to any NC manufacturing process? If your answer is in the affirmative, identify and describe in detail all factual, legal or contractual bases, reasons or rationales for your contention.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this interrogatory on the grounds that it is a premature contention interrogatory.** ***See, e.g., See, e.g., Univ. of Virginia Patent Found. v. Gen. Elec. Co.*, 2015 WL 4878880, 2 (W.D. Va. 2015) ("Contention interrogatories . . . can be of limited use 'before substantial documentary or testimonial discovery has been completed' . . . .  Rule 33 thus grants courts discretion to 'order that the interrogatory need not be answered until designated discovery is complete.'") (internal citations omitted); *Taggart v. Damon Motor Coach*, 2007 WL 152101. \*8 (N.D.W.Va. 2007) ("Although contention interrogatories represent a valid discovery device, they should not be served until near the end of the discovery period . . . . Where significant discovery has not occurred, a motion to compel contention interrogatories should be denied without prejudice") (internal citations omitted).**

18.    Identify and describe in detail each and every contractual default, delay, breach, or other deficiency, if any, that BAE alleges that Fluor committed, was responsible for, or otherwise failed to satisfy relating to the Project. For each such default, delay, breach, or other deficiency, identify the contractual requirement, standard, or other obligation that BAE contends that Fluor

breached or otherwise failed to satisfy and all facts and circumstances upon which you base your contention.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this interrogatory on the grounds that it is an impermissible and improper "blockbuster interrogatory" that is overly broad and unduly burdensome on its face. BAE is not required to marshal all of its evidence in support of Fluor's "default, delay, breach, or other deficiency" in a single interrogatory. *Wheeler v. Virginia*, 2018 WL 10611693 at *2 (W.D. Va. 2018) ("Courts repeatedly hold that these "blockbuster interrogatories" are unduly burdensome on their face") (citing *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186–87 (D. Kan. 1997) and other authorities); *Hilt*, 170 F.R.D. at 187 ("Each interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only"); *Grynberg v. Total S.A.*, 2006 WL 1186836 at *6 (D. Colo. 2006) ("[I]nterrogatories should not require the answering party to provide a narrative account of its case."). BAE further objects to this Interrogatory on the grounds that it is a premature contention interrogatory.

19.    Identify and describe in detail all facts and circumstances upon which you base BAE's alleged damages as set forth in Paragraph 153 (a) – (d) of your Complaint. In your response, provide the calculation for each category of damages claimed and identify all documents, communications, correspondence, analyses, records, or data upon which each calculation is based.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this interrogatory to the extent it seeks information that is the subject of expert testimony.

20.    Identify and describe in detail all oral communications, including, without limitation, all meetings, conferences, and phone calls, whether internal or external, held by BAE, in which BAE reviewed, addressed, or discussed any and all versions of Fluor's Change Proposals (PCNs). In your response, identify each person on behalf of BAE who participated in each oral

communication and all documents summarizing, memorializing, or describing each oral communication.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and facially unreasonable. *See, e.g., Wheeler v. Virginia,* 2018 WL 10611693 at *3 (W.D. Va. 2018) (Ballou, J.) (declining to require a party to recount, in detail, all oral communications in response to an interrogatory because "such requests are impossible to satisfy.")  BAE cannot possibly detail every single oral communication (that happened years ago) pertaining any and all versions of Fluor's PCNs, and certainly not at this stage of the case.

BAE objects to this interrogatory on the grounds that it impermissibly seeks discovery of information that is more appropriately and efficiently addressed through document and deposition discovery. *See, e.g., Sussman v. Paradigm Partners, Inc.,* 1993 WL 385752, at *2 (S.D.N.Y. Sept. 22, 1993) ("Depositions are surely a more efficient means than interrogatories of eliciting information about oral conversations. Thus, these interrogatories need not be answered."); *PIC Grp., Inc., v. Landcoast Insulation, Inc.*, 2010 WL 4791710 at *5 (S.D. Miss. 2010) (declining to compel further response to interrogatory asking for oral communications because it was "unreasonably and unduly burdensome and the least efficient way to obtain the information," and Plaintiff could inquire as to oral communications in depositions).

BAE further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or work-product doctrine.

21.     Identify and describe in detail all communications, including, without limitation, all meetings, conferences, and phone calls, held between BAE and the Army in which BAE reviewed, addressed or discussed with the Army any Project delays, to include any delays that BAE attributed to Fluor. In your response, identify each person representing the Army and BAE who participated in such oral communication and all documents summarizing, memorializing, or describing each oral communication.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and facially unreasonable. *See, e.g., Wheeler v. Virginia,* 2018 WL 10611693 at *3 (W.D. Va. 2018) (Ballou, J.) (declining to require a party to recount, in detail, all oral communications in response to an interrogatory because "such requests are impossible to satisfy."). Specifically, BAE cannot reasonably be expected to detail every single communication, including all oral communications, (that happened years ago) pertaining to the numerous delays caused by Fluor, and certainly not at this stage of the case.

BAE further objects to this interrogatory on the grounds that it impermissibly seeks discovery of information that is more appropriately and efficiently addressed through document and deposition discovery. *See, e.g., Sussman v. Paradigm Partners, Inc.,* 1993 WL 385752, at *2 (S.D.N.Y. Sept. 22, 1993) ("Depositions are surely a more efficient means than interrogatories of eliciting information about oral conversations. Thus, these interrogatories need not be answered."); *PIC Grp., Inc., v. Landcoast Insulation, Inc.,* 2010 WL 4791710 at *5 (S.D. Miss. 2010) (declining to compel further response to interrogatory asking for oral communications because it was "unreasonably and unduly burdensome and the least efficient way to obtain the information," and Plaintiff could inquire as to oral communications in depositions).

22.     Identify and describe in detail all communications, including, without limitation, all meetings, conferences, phone calls, and oral communications, whether internal or external, held by and between BAE and Lauren in which BAE reviewed, addressed, or discussed with Lauren the alleged grounds for termination of the Lauren subcontract and the status or maturity, including the percent complete, of the Lauren Design. In your response, identify each person from BAE and Lauren who participated in each communication and all documents summarizing, memorializing, or describing each communication.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, the design/build contract requires that Fluor validate, correct, and complete the Lauren Design if Flour decided to use it, and nothing in the design/build contract contains any 85% or 80-90% complete representation.

BAE objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and facially unreasonable. *See, e.g.,*

*Wheeler v. Virginia,* 2018 WL 10611693 at *3 (W.D. Va. 2018) (Ballou, J.) (declining to require a party to recount, in detail, all oral communications in response to an interrogatory because "such requests are impossible to satisfy."). Specifically, BAE cannot reasonably be expected to detail every single communication, including all oral communications, (that happened years ago) in which BAE reviewed, addressed, or discussed with Lauren the alleged grounds for termination of the Lauren subcontract and the status or maturity, including the percent complete, of the Lauren Design.

BAE further objects to this interrogatory on the grounds that it impermissibly seeks discovery of information that is more appropriately and efficiently addressed through document and deposition discovery. *See, e.g., Sussman v. Paradigm Partners, Inc.,* 1993 WL 385752, at *2 (S.D.N.Y. Sept. 22, 1993) ("Depositions are surely a more efficient means than interrogatories of eliciting information about oral conversations. Thus, these interrogatories need not be answered."); *PIC Grp., Inc., v. Landcoast Insulation, Inc.,* 2010 WL 4791710 at *5 (S.D. Miss. 2010) (declining to compel further response to interrogatory asking for oral communications because it was "unreasonably and unduly burdensome and the least efficient way to obtain the information," and Plaintiff could inquire as to oral communications in depositions).

Dated: November 15, 2021                  Respectfully submitted,

                                          BAE SYSTEMS ORDNANCE SYSTEMS, INC.

                                          By:  /s/ Todd M. Conley
                                               Counsel for BAE Systems Ordnance
                                               Systems, Inc.


Todd M. Conley (VSB No. 89839)
Jeffrey J. Golimowski (VSB No. 93525)
WOMBLE BOND DICKINSON (US) LLP
8350 Broad Street, Suite 1500
Tysons, VA 22102
Telephone:  (703) 394-2245
todd.conley@wbd-us.com
jeff.golimowski@wbd-us.com

Joshua R. Treece (VSB No. 79149)
jtreece@woodsrogers.com
Justin E. Simmons (VSB No. 77319)
jsimmons@woodsrogers.com
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Telephone:  (540) 983-7600
Facsimile: (540) 983-7711

Karen M. Stemland (VSB No. 47167)
Woods Rogers PLC
123 East Main Street, 5th Floor
Charlottesville, Virginia 22902
Telephone: (434) 220-6826
Facsimile: 434-566-0473
kstemland@woodsrogers.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 15, 2021, the foregoing was emailed to counsel for record for Fluor.

/s/ Todd M. Conley