## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| BAE SYSTEMS ORDNANCE SYSTEMS, INC., *Plaintiff/Counterclaim-Defendant,* v. FLUOR FEDERAL SOLUTIONS, LLC, *Defendant/Counterclaim-Plaintiff.* | Case No. 7:20-cv-587 |

## BAE SYSTEMS ORDNANCE SYSTEMS, INC.'S OBJECTIONS TO FLUOR FEDERAL SOLUTIONS, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, BAE Systems Ordnance Systems, Inc. ("BAE"), through its undersigned counsel, hereby provides the following Objections to Fluor Federal Solutions, LLC's ("Fluor") First Set of Requests for Production of Documents.

## PRELIMINARY STATEMENT

BAE and Fluor have each filed motions to dismiss. (ECF 38, 30.)  BAE also filed a motion to strike. (ECF 36.)  The briefing on all three motions has been completed and all are scheduled for hearing in January 2022.   BAE will be filing Motions to Stay and to Bifurcate discovery.  For the reasons which will be stated in support of BAE's forthcoming Motions to Stay and to Bifurcate, BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

No objection made herein is an admission by BAE as to the existence or non-existence of any information.

EXHIBIT

E

## **GENERAL OBJECTIONS**

1.      BAE makes and incorporates the following General Objections in response to each and every Request, whether or not specifically stated in response thereto.  Any specific objections provided below are made in addition to these General Objections, and the failure to reiterate a General Objection below does not constitute a waiver of that or any other objection.

2.      BAE objects to Fluor's definitions and instructions to the extent they impose, or purport to impose, any obligations on BAE beyond those required by the Federal Rules of Civil Procedure.

3.      BAE objects to Fluor's definitions to the extent they are based on a false premise and/or inaccurately characterize facts and/or issues in dispute.

4.      BAE objects to Fluor's Requests to the extent that they call for information that is subject to one or more privileges, including, but not limited to, the attorney-client privilege, or any information which constitutes or reflects work product.

5.      BAE objects to Fluor's Requests to the extent that they are overbroad in time and scope and/or seek information that is not reasonably calculated to lead to the production of admissible evidence and/or they seek information that is not relevant to the claim or defense of any party.

6.      BAE objects to Fluor's Requests to the extent that they are vague and/or ambiguous.

7.      BAE objects to Fluor's Requests to the extent that they seek information that is not within BAE OSI's possession, custody and/or control.

8.      BAE objects to Fluor's Requests to the extent they seek information equally accessible to Fluor.

9.      BAE objects to Fluor's Requests to the extent they seek information containing non-public, confidential and/or proprietary information prior to the entry of an appropriate Protective Order.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

Subject to the foregoing General Objections, BAE provides the following Specific Objections to Fluor's Requests for Production:

1.      All documents, communications, and correspondence, supporting, refuting, addressing, concerning, referring to, or relating, in any way, to the averments in BAE's pleadings, as the term "pleadings" is defined in FRCP 7(a).

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request to the extent it seeks to invade the attorney-client and/or work product privileges.**

2.      All documents, communications, and correspondence, reviewed, referenced, considered, adopted, or rejected to prepare your answers to any discovery requests served in this Action.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request on the grounds that it seeks to invade the attorney-client and work product privileges.**

3.      All documents, communications, correspondence, analyses, records, and data that

BAE intends to introduce into evidence at trial or at any other hearing in this Action.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request on the grounds that it is premature and to the extent it seeks to impose disclosure obligations beyond those imposed by the Court's Scheduling Order and/or Federal Rules of Civil Procedure.**

**BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.**

4.      All documents, communications, correspondence, analyses, records, and data

prepared by, exchanged by and between, or involving BAE and the Army concerning, referring to,

or relating, in any way, to the Prime Contract, Lauren, the Lauren Design, BAE's subcontract(s)

with Lauren, the Subcontract, the Project, this Action or its subject matter.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request on the grounds that it is facially overly broad, unduly burdensome, and not proportional to the needs of the case. This request, for example, is vastly overbroad in time and scope and not reasonably tailored to the claims and defenses because it seeks discovery of years of information and every communication between BAE and the Army relating to all aspects of performance by a prior contractor, Lauren, before Fluor was ever involved in the Project.**

**BAE further objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

5.      All documents, communications, correspondence, analyses, records, and data

prepared by, exchanged by and between, or involving BAE and Lauren that concern, refer, or

relate, in any way, to the Prime Contract, Lauren, the Lauren Design, BAE's subcontract(s) with

Lauren (and its negotiation, performance, or termination), the Subcontract, the Project, this Action or its subject matter.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request on the grounds that it is facially overly broad, unduly burdensome, and not proportional to the needs of the case. This request, for example, is vastly overbroad in time and scope and not reasonably tailored to the claims and defenses because it seeks discovery of years of information and every communication between BAE and Lauren relating to all aspects of performance by a prior contractor, Lauren, before Fluor was ever involved in the Project.**

**BAE further objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

6.      All statements (as that term is used in FRCP 26(b)(3)(C)) which were previously made by you concerning, referring to, or relating, in any way, to the Prime Contract, Lauren, the Lauren Design, BAE's subcontract(s) with Lauren (and its negotiation, performance or termination), the Subcontract, the Project, this Action or its subject matter.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request on the grounds that it is facially overly broad, unduly burdensome, and not proportional to the needs of the case. This request, for example, is vastly overbroad in time and scope and not reasonably tailored to the claims and defenses because it seeks discovery of years of information and communication relating to all aspects of performance by a prior contractor, Lauren, before Fluor was ever involved in the Project.**

**BAE further objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

7.      A complete copy of the Prime Contract between BAE and the Army including, without limitation, all task orders, delivery orders, general, special, and supplemental conditions, exhibits, attachments, schedules, modifications, change orders, and other documents incorporated or referenced therein.

**<u>OBJECTION</u>:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information that predates Fluor's involvement in the Project and is not reasonably tailored to the claims and defenses.**

8.      A complete copy of the subcontract(s) between BAE and Lauren including, without limitation, general, special, and supplemental conditions, exhibits, attachments, schedules, modifications, change orders, and other documents incorporated or referenced therein.

**<u>OBJECTION</u>:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks Lauren-specific contract documents, schedules, modifications, change orders or other documents relating to Lauren or Lauren's performance before Fluor was ever involved in the Project on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

9.      All documents, communications, correspondence, analyses, records, and data maintained by your employees concerning, referring to, or relating, in any way, to the Prime Contract, Lauren, the Lauren Design, BAE's subcontract(s) with Lauren (and its negotiation, performance, or termination), the Subcontract, or the Project, including, without limitation, any notes, notes of telephone conferences or meetings, field notes, diaries, journals, and calendars, whether handwritten or otherwise.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request on the grounds that it is facially overly broad, unduly burdensome, and not proportional to the needs of the case. This request, for example, is vastly overbroad in time and scope and not reasonably tailored to the claims and defenses because it seeks discovery of years of information and communication relating to all aspects of performance by a prior contractor, Lauren, before Fluor was ever involved in the Project.

BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.

10. All documents, communications, correspondence, analyses, records, and data summarizing, memorializing, reporting, referring to, or relating, in any way, to any internal BAE oral communications, including, without limitation, meetings, conferences, and phone calls pertaining to the Prime Contract, Lauren, the Lauren Design, the Subcontract, or the Project.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request on the grounds that it is facially overly broad, unduly burdensome, and not proportional to the needs of the case. This request, for example, is vastly overbroad in time and scope and not reasonably tailored to the claims and defenses because it seeks discovery of years of information and communication relating to all aspects of performance by a prior contractor, Lauren, before Fluor was ever involved in the Project.

BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.

11. All documents, communications, correspondence, analyses, records, and data summarizing, memorializing, reporting, concerning, referring to, or relating, in any way, to any

oral communications, including, without limitation, meetings, conferences, and phone calls prepared by, exchanged by and between, or involving BAE and Fluor pertaining to the Prime Contract, Lauren, the Lauren Design, BAE's subcontract(s) with Lauren (and its negotiation, performance, or termination), the Subcontract, or the Project.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request to the extent it seeks information equally available to Fluor and/or already in Fluor's possession, custody or control.

BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.

12. All documents, communications, correspondence, analyses, records, and data summarizing, memorializing, reporting, referring to, or relating, in any way, to any oral communications, including, without limitation, meetings, conferences, and phone calls between or involving BAE and the Army pertaining to the Prime Contract, Lauren, the Lauren Design, the Subcontract, or the Project.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request on the grounds that it is facially overly broad, unduly burdensome, and not proportional to the needs of the case. This request, for example, is vastly overbroad in time and scope and not reasonably tailored to the claims and defenses because it seeks discovery of years of information and every communication between or involving BAE and the Army that relates to all aspects of performance by a prior contractor, Lauren, before Fluor was ever involved in the Project.

**BAE further objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

**BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.**

13.     All documents, communications, correspondence, analyses, records, and data summarizing, memorializing, reporting, referring to, or relating, in any way, to any oral communications, including, without limitation, meetings, conferences, and phone calls between or involving BAE and its subcontractors including, without limitation, Lauren, related to the Prime Contract, Lauren, the Lauren Design, BAE's subcontract(s) with Lauren (and its negotiation, performance, or termination), the Subcontract, or the Project.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request on the grounds that it is facially overly broad, unduly burdensome, and not proportional to the needs of the case.  This request, for example, is vastly overbroad in time and scope and not reasonably tailored to the claims and defenses because it seeks discovery of years of information and communication relating to all aspects of performance by a prior contractor, Lauren, and/or Lauren's subcontractors before Fluor was ever involved in the Project.**

**BAE further objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

**BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.**

14.     All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to the negotiation and/or formation of the Prime Contract, under which BAE contracted with the Army to design and construct the Project.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" of the requested information.

BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.

15.   All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to the negotiation and/or formation of the Subcontract between BAE and Fluor.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.

BAE objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" of the requested information.

16.   All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to the preparation and issuance of the Request for Proposals BAE issued to potential bidders, including Fluor, for the Subcontract and/or the Project.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" of the requested information.

17.    All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE and any one or all of the potential offeror(s) on the Project concerning, referring to, or relating, in any way, to the Prime Contract, Lauren, the Lauren Design, BAE's subcontract(s) with Lauren (and its negotiation, performance, or termination), or the work to be performed as set forth in the Request for Proposals issued to the potential offerors.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request because "potential offeror(s)" is vague and ambiguous. As written, the "potential offeror(s)" could refer to Lauren.  To the extent if includes Lauren the request is vastly overbroad in time and scope and not reasonably tailored to the claims and defenses because it seeks discovery relating to a prior contractor, Lauren, that was involved in the Project before Fluor was ever involved in the Project.  BAE objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "all" of the requested information.

18.    All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to any BAE investigation, review, evaluation, assessment, analysis, and/or determination of the percent complete, maturity, condition, status, or progress of the Lauren Design as of the dates BAE terminated the Lauren subcontracts.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, the design/build contract requires that Fluor validate, correct, and complete the Lauren Design once Fluor decided to use it, and nothing in the design/build contract contains or incorporates any 85% or 80-90% representation.**

**BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.**

19.     All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to any BAE investigation, review, evaluation, assessment, analysis, and/or determination of the percent complete, maturity, condition, status, or progress of the Lauren Design at any time between April 2015 and December 2015.

**<u>OBJECTION</u>:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, the design/build contract requires that Fluor validate, correct, and complete the Lauren Design once Fluor decided to use it, and nothing in the design/build contract contains or incorporates any 85% or 80-90% representation.**

**BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.**

20.     All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to all Lauren reports, statements, descriptions, or

information provided to BAE and/or the Army regarding the percent complete, maturity, condition, status, or progress of the Lauren Design.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, the design/build contract requires that Fluor validate, correct, and complete the Lauren Design once Fluor decided to use it, and nothing in the design/build contract contains or incorporates any 85% or 80-90% representation.**

**BAE objects to this request on the grounds that it is facially overly broad, unduly burdensome, and not proportional to the needs of the case.  This request, for example, is vastly overbroad in time and scope and not reasonably tailored to the claims and defenses because it seeks discovery of years of information and communication relating to all aspects of performance by a prior contractor, Lauren, before Fluor was ever involved in the Project.**

21.     All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to all BAE reports, statements, descriptions, or information provided to the Army regarding the percent complete, maturity, condition, status, or progress of the Lauren Design.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, the design/build contract requires that Fluor validate, correct, and complete the Lauren Design once Fluor decided to use it, and nothing in the design/build contract contains or incorporates any 85% or 80-90% representation.**

**BAE objects to this request on the grounds that it is facially overly broad, unduly burdensome, and not proportional to the needs of the case. This request, for example, is vastly overbroad in time and scope and not reasonably tailored to the claims and defenses because it seeks discovery of years of information and communication relating to all aspects of performance by a prior contractor, Lauren, before Fluor was ever involved in the Project.**

22.    All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to the percent complete, maturity, condition, status, or progress of the Process Design as of the date the Subcontract was executed.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, the design/build contract requires that Fluor validate, correct, and complete the Lauren Design once Fluor decided to use it, and nothing in the design/build contract contains or incorporates any 85% or 80-90% representation.**

23.    All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to BAE's analysis, review, assessment, evaluation, and consideration of Fluor's Bid Proposals.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

24.    All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to BAE's analysis, review, assessment, evaluation,

and consideration of the portion of Fluor's Bid Proposals concerning Fluor's proposed design work.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

25.  All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE and the Army concerning, referring to, or relating, in any way, to Fluor's Bid Proposals including, BAE's analysis, review, assessment, evaluation, and consideration of the Bid Proposals.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

26.  All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE and the Army concerning, referring to, or relating, in any way, to the negotiation, formation, performance or termination of the subcontract(s) between BAE and Lauren.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request on the grounds that it is facially overly broad, unduly burdensome, and not proportional to the needs of the case.  This request, for example, is vastly overbroad in time and scope and not reasonably tailored to the claims and defenses because it seeks discovery of years of information and communication relating to all aspects of performance by a prior contractor, Lauren, before Fluor was ever involved in the Project.**

27.     All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE and the Army concerning, referring to, or relating, in any way, to the Lauren Design.

**<u>OBJECTION</u>:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, the design/build contract requires that Fluor validate, correct, and complete the Lauren Design once Fluor decided to use it.**

**BAE objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks discovery of information and communication relating to the Lauren Design before Fluor was ever involved with the Project.**

28.     All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE and Lauren concerning, referring to, or relating, in any way, to the Lauren Design.

**<u>OBJECTION</u>:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because, among**

other things, the design/build contract requires that Fluor validate, correct, and complete the Lauren Design once Fluor decided to use it.

BAE objects to this request on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks discovery of information and communication relating to the Lauren Design before Fluor was ever involved with the Project.

29.    All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE and Lauren concerning, referring to, or relating, in any way, to the performance and termination of Lauren's design and construction subcontracts, including, without limitation, the termination of the Lauren design and construction subcontracts.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, the design/build contract requires that Fluor validate, correct, and complete the Lauren Design once Fluor decided to use it.

BAE objects to this request on the grounds that it is facially overly broad, unduly burdensome, and not proportional to the needs of the case.  This request, for example, is vastly overbroad in time and scope and not reasonably tailored to the claims and defenses because it seeks discovery of years of information and communication relating to all aspects of performance by a prior contractor, Lauren, before Fluor was ever involved in the Project.

30.    All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to BAE's representations to Fluor, prior to the execution of the Subcontract, that the Lauren Design was 85% complete.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because, among other things, the design/build contract requires that Fluor validate, correct, and complete the Lauren Design once Fluor decided to use it, and nothing in the design/build contract contains or incorporates any 85% or 80-90% representation.

31.    All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to any updates, amendments, or corrections performed by BAE to the Lauren Design prior to the execution of the Subcontract.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request to the extent it is overbroad in time and scope and seeks information during Lauren's performance years before Fluor was involved with the Project.

32.    All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to any updates, amendments or corrections to the drawings, specifications, and technical documents included in Appendix G to the Subcontract that were performed by BAE prior to the execution of the Subcontract.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request to the extent it is overbroad in time and scope and seeks information during Lauren's performance years before Fluor was involved with the Project.

33.     All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to BAE's understanding, impressions of, and/or interpretation of the Subcontract including, without limitation, the scope of Fluor's and BAE's design responsibilities.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.**

34.     All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to the negotiation, formation, selection, and revisions to the language of the Limitation of Damages clauses in the Subcontract, including all drafts, edited and/or revised versions of the Limitation of Damages clauses.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.**

35.     All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to BAE's analysis, review, assessment, evaluation, and consideration of Fluor's Change Proposals (PCNs), including all revised versions of the Change Proposals (PCNs.)

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.

36.     All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE and the Army concerning, referring to, or relating, in any way, to the Change Proposals (PCNs) that Fluor submitted to BAE on the Project, including all revised versions of the Change Proposals (PCNs).

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.

37.     All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE and the Army concerning, referring to, or relating, in any way, to Prime Contract Modification 17, executed by the Army and BAE on or about July 23, 2018.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

**BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.**

38.     All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE and the Army concerning, referring to, or relating, in any way, to any Cure Notice or Show Cause Notice issued by the Army to BAE, to include the Show Cause Notice issued by the Army on February 8, 2018.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.**

39.     All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE and the Army concerning, referring to, or relating, in any way, to the "letters of concern" issued by the Army as alleged in Paragraph 134 of BAE's Complaint.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.**

40.     All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE and the Army concerning, referring to, or relating, in any way, to the Show Cause Notice issued by the Army on October 16, 2019.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.

41.    All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE and the Army concerning, referring to, or relating, in any way, to any Cure Notice issued by BAE, to include the Cure Notice issued by BAE on November 2, 2016.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.

42.    All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE, Fluor or the Army concerning, referring to, or relating, in any way, to Fluor's November 11, 2016, response to the Cure Notice that BAE issued on November 2, 2016.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.

43.     All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE, Fluor or the Army concerning, referring to, or relating, in any way, to Fluor's December 2, 2016 response to the Cure Notice that BAE issued on November 2, 2016.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.

44.     All CPM schedules, proposed schedules, bar charts, two-week look-aheads, alleged recovery schedules and schedule updates prepared by BAE concerning, referring to, or relating, in any way, to the Project, including all documents, communications, correspondence, analyses, records, evaluations, analyses and data concerning the schedules.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request to the extent it seeks documents relating to Lauren's performance before Fluor was ever involved in the Project on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

45.      All documents, communications, correspondence, evaluations, analyses, schedules, records, and data concerning, referring to, supporting, refuting, or relating, in any way, to BAE's contention that all delay on the Project is the responsibility of Fluor.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.**

46.      All documents, communications, correspondence, analyses, records, and data concerning, referring to, or relating, in any way, to BAE's review, evaluation, and analysis of Fluor's schedules, proposed schedules, alleged recovery schedules, and schedule updates including, without limitation, all documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE, Fluor, and/or the Army.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.**

47.      All documents, communications, correspondence, analyses, records, and data concerning, referring to, supporting, refuting, addressing, or relating, in any way, to the allegations set forth in Paragraphs 93, 99, 100, 103, 110, 114, 134, 141, and 153(a) – (d) of the Complaint.

**OBJECTION:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.**

48.    All documents, communications, correspondence, analyses, records, and data prepared by, exchanged by and between, or involving BAE and Bowas-Induplan Chemie Gesellschaft MBH (BOWAS) or any of its affiliates or subsidiaries concerning, referring to, or relating, in any way, to the Prime Contract, Lauren, the Lauren Design, BAE's subcontract(s) with Lauren, the Subcontract, the Project or the Change Proposals (PCNs.)

**<u>OBJECTION</u>:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

**BAE objects to this request to the extent it seeks documents prior to or during Lauren's performance and before Fluor was ever involved in the Project on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

49.    All minutes of meetings between BAE and Fluor concerning, referring to, or relating, in any way, to the Prime Contract, Lauren, the Lauren Design, BAE's subcontract(s) with Lauren, the Subcontract, the Project or the Change Proposals (PCNs.)

**<u>OBJECTION</u>:**

**BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.**

**BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.**

BAE objects to this request to the extent it seeks information equally available to Fluor and/or already in Fluor's possession, custody or control.

BAE objects to this request to the extent that it seeks to invade the attorney-client and work product privileges.

50.     All minutes of meetings prepared by, exchanged by and between, or involving BAE and the Army concerning, referring to, or relating, in any way, to the Prime Contract, Lauren, the Lauren Design, the Project, the Subcontract or the Change Proposals (PCNs.)

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request to the extent it seeks documents prior to or during Lauren's performance and before Fluor was ever involved in the Project on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

51.     All photographs and videos of or concerning, referring to, or relating, in any way, to the Project.

**OBJECTION:**

BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and to Bifurcate are ruled upon by the Court.

BAE objects to this request to the extent it seeks to exceed the terms and scope of the parties' Agreed Order Regarding Discovery (Dkt. 59) and any modifications thereto pursuant to Section 7 therein.

BAE objects to this request to the extent that it is overly broad, unduly burdensome, and not proportional to the needs of the case and/or seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Dated: November 15, 2021

Respectfully submitted,

BAE SYSTEMS ORDNANCE SYSTEMS, INC.

By:   /s/ Todd M. Conley
          Counsel for BAE Systems Ordnance
          Systems, Inc.

Todd M. Conley (VSB No. 89839)
Jeffrey J. Golimowski (VSB No. 93525)
WOMBLE BOND DICKINSON (US) LLP
8350 Broad Street, Suite 1500
Tysons, VA 22102
Telephone:  (703) 394-2245
todd.conley@wbd-us.com
jeff.golimowski@wbd-us.com

Joshua R. Treece (VSB No. 79149)
jtreece@woodsrogers.com
Justin E. Simmons (VSB No. 77319)
jsimmons@woodsrogers.com
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Telephone:  (540) 983-7600
Facsimile: (540) 983-7711

Karen M. Stemland (VSB No. 47167)
WOODS ROGERS PLC
123 East Main Street, 5th Floor
Charlottesville, Virginia 22902
Telephone: (434) 220-6826
Facsimile: 434-566-0473
kstemland@woodsrogers.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2021, the foregoing was emailed to counsel for record for Fluor.


/s/ Todd M. Conley