UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BAE SYSTEMS ORDNANCE SYSTEMS, INC., <br><br> *Plaintiff/Counterclaim-Defendant,* <br><br> v. <br><br> FLUOR FEDERAL SOLUTIONS, LLC, <br><br> *Defendant/Counterclaim-Plaintiff.* | Case No. 7:20-cv-587 |

**MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL
BAE'S DISCOVERY RESPONSES AND ATTORNEY'S FEES**

I.   Introduction

Fluor's motion to compel is but a further brief in opposition to BAE's motion to stay or bifurcate, which is currently pending. (ECF 63) In urging that BAE's motion to stay be denied and that discovery proceed, Fluor asks the Court to minimize the likely impact of BAE's pending motion to dismiss (ECF 38) and motion to strike (ECF 36) (the "Pending Motions"), which are set for hearing before Judge Urbanski on January 14, 2022 (just over a month away). Because the Pending Motions are likely to completely resolve or substantially reduce claims of hundreds of millions of dollars, however, granting the brief stay of discovery until the Pending Motions can be heard minimizes wasted resources by eliminating entirely or significantly narrowing the disputed issues for discovery in the first instance. (*See*, ECF 64.)

The Pending Motions – two motions to dismiss and one motion to strike – depend solely on the four corners of the parties' contract, which is unambiguous in all material respects. There is, therefore, no need for any discovery to resolve the Pending Motions. Discovery would not be useful

and on a case of this magnitude (hundreds of millions of dollars), narrowing the issues prior to discovery is the most efficient path for the parties and the court.

In its motion, Fluor makes strained and unconvincing arguments that resolution of the Key Contract Interpretation Issues presented in the Pending Motions[1] would not reduce the scope of discovery. Fluor attempts to downplay the pivotal significance of the Key Contract Interpretation Issues, but effectively highlights their significance by spending the entire first half of its brief on why the contract's pertinent design language and damages cap should be ignored. Fluor misrepresents that BAE's motion to dismiss, if granted, would not dispose of Fluor's entire counterclaim. To the contrary, BAE, in fact, seeks dismissal of Fluor's *entire* Counterclaim. Hence, if BAE prevails on its motion to dismiss, no discovery will be necessary on Fluor's Counterclaim.

Fluor argues that it is concerned about delay of just a month, but as a practical matter, (1) removing or clarifying the issues first enhances efficiency, which counteracts any minimal delay; (2) BAE timely filed its motion to stay and bifurcate; and (3) there should be no material impact of a short stay where the trial is not until March 2023. In addition, having waited months to issue discovery requests with full knowledge of BAE's position that discovery should not commence until the Pending Motions are resolved by the Court, Fluor's urgency on the eve of the Pending Motions' hearing is not convincing.

Fluor's motion to compel is in response to BAE's motion to stay and bifurcate. It is not a typical motion to compel. Moreover, Fluor acted to delay the filing of BAE's motion to stay and

---

[1] BAE defined the Key Contractual Interpretation Issues in its Memorandum In Support of its Motion to Stay and Bifurcate. (ECF 64). They are:

> 1. The contract's assignment of design responsibility for the overall NC facility and whether any percentage-completion warranty existed for a preliminary concept for the overall NC facility developed by a prior subcontractor named Lauren (the "Lauren Design"); and
> 2. Enforceability and application of the contract's $30M damages cap.

bifurcate when it demanded to hold a second meet and confer on stay and bifurcation – the first occurring in July as reflected in the parties' Rule 26(f) report – and demanded an informal pre-motion conference with Judge Ballou– during which Fluor made no attempt whatsoever to amicably resolve the issue.

As Fluor admits in its motion to compel, discovery opened on July 23, 2021 with the parties Rule 26(f) conference. At the conference, BAE advised Fluor that it intended to seek a stay of discovery until the Pending Motions were resolved and, depending on how the Court ruled on the Pending Motions, seek bifurcation. The parties discussed the issue for nearly an hour and BAE's intention to move for a stay and bifurcation was memorialized in the joint Rule 26(f) report filed with the Court on August 13. Although Fluor initially indicated that it did not support a stay or bifurcation, it made no effort to commence discovery from mid-August, when discovery opened, to mid-October. During this time, although the parties engaged in establishing preliminary procedures for discovery by agreeing on an ESI protocol, exchanging lists of email custodians and sources of potentially discoverable information (as required by the ESI protocol), and exchanging Rule 26 disclosures, actual discovery did not commence because neither party served discovery requests.

Accordingly, by its actions (really inaction), Fluor appeared to have tacitly agreed to the stay, or at least agreed not to commence discovery until Fluor filed interrogatories and requests for document production on October 15. Upon receiving the discovery requests, BAE timely notified Fluor that it would file a motion to stay discovery and seek bifurcation. Fluor, however, prevented BAE from filing the motion for weeks by demanding another meet and confer, despite having no intention of compromising,[2] and then demanding an informal pre-motion conference with Judge

---

[2] At the meet and confer, BAE offered to drop the bifurcation motion until the Pending Motions were decided and revisit the motion to stay with Fluor after the January 14 hearing if the Court did not rule from the bench on the Pending Motions. Fluor rejected BAE's offer and made no counteroffer.

{2907033-1, 115568-00010-01} 3

Ballou, even though BAE's motion to stay or bifurcate was not the type of discovery dispute that would typically go through that informal process. Though apparently Fluor was trying to drag the process out until it was prepared to file its threatened motion to compel, BAE participated in the pre-motion process (which was predictably unsuccessful) and filed its motion to stay and bifurcate (ECF 63).

In the meantime, BAE timely filed its objections to Fluor's discovery requests on November 15. BAE generally objected to Fluor's discovery requests as premature until the Pending Motions and the stay and bifurcation motion were decided. BAE also lodged specific, non-stay related objections to each request and interrogatory.

The crux of Fluor's motion to compel is that BAE's request for a stay and bifurcation is not a basis for withholding discovery. Fluor complains that BAE did not file its motion until after Fluor submitted its discovery requests. Fluor's argument is baseless and ignores the following:

- Fluor impacted the timing of BAE's motion by waiting to propound discovery until mid-October and then delaying BAE's filing of its motion by demanding to have a second meet and confer among the parties and an informal conference with Judge Ballou when Fluor had no intention of compromising;

- BAE complied with its obligations under the Rules by timely filing its objections to the discovery requests; and

- The trial is not scheduled until March 2023, so no harm can come from delaying discovery until at least the Pending Motions hearing on January 14, 2022; and the parties should more than recover that one month through clarification of the contract-interpretation issues or the dismissal of claims.

Fluor's motion then descends to mere (erroneous) conjecture and casting aspersions that even if correct (they are not) are based on a clear misunderstandings of the law.  For example, Fluor boldly asserts, without the benefit of seeing a single BAE document, that

> BAE does not want to produce any documents in this case because <u>none</u> of BAE's internal documents will support its new contrived arguments

(Fluor's Br. in Supp. of Motion to Compel, ECF 65-1, at 7 ("Mot. to Compel")(emphasis in original.)  Fluor does not know what is in BAE's documents, and it is wrong about the substance of its allegations, as BAE's documents will eventually prove, if necessary.  Apparently for Fluor, rank speculation is acceptable.  Incredibly, Fluor then goes so far as to argue that "BAE fears producing its documents because it does not want an accurate record to be available for use at the January 14 motion hearing." *Id.*  Fluor must have forgotten that the January 14 hearing involves two 12(b)(6) motions to dismiss and a 12(f) motion to strike.  All of these motions are <u>solely</u> on the pleadings; any "record" beyond the pleadings would be outside the scope of the motions and hearing.   Fluor should know better.

BAE's request to stay discovery and bifurcate is well supported by applicable law particularly under the unique circumstances of this case.  In addition, Fluor has admitted that even if BAE had not moved to stay discovery, the parties would not be in a position to <u>start</u> producing documents until after the January 14 hearing.  So in reality, Fluor is practically only seeking to compel responses to its interrogatories.  But many of its interrogatories are contention/"blockbuster" interrogatories that are inappropriate when discovery is in its infancy and at best could only be answered by BAE in a preliminary manner and would need to be supplemented as discovery progresses.  Put simply, even if Fluor were to prevail on its motion to compel, little meaningful discovery would be provided prior to the January 2022 hearing on the Pending Motions.

Fluor's motion to compel should be denied in its entirety.

## II.  Argument

A.  BAE's Motion to Stay or Bifurcate Is Supported by Applicable Law.

For the reasons stated in its memorandum in support of its motion to stay or bifurcate (ECF 64), staying discovery for just over a month makes sense when hundreds of millions' worth of claims could be struck or substantially reduced or clarified.

Fluor's arguments do not undercut the merit of a stay, here.  As an initial matter, a trial court has the "inherent power to stay discovery until preliminary questions that may dispose of the case are determined."  *Lismont v. Alexander Binzel Corp.,* No. 2:12-cv-592, 2014 WL 12515341, at *2 (E.D. Va. Mar. 12, 2014) (citation omitted).  A court will "balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action [on its] docket" in determining whether to grant a stay.  *Universal Elections, Inc.,* 729 F.3d 370, 375 (4th Cir. 2013).  These factors include: (1) the interests of judicial economy; (2) the hardship and equity to the moving party in the absence of a stay, and (3) the potential prejudice to the non-moving party in the event of a stay.  *Buzzell v. JP Morgan Chase Bank,* No. 3:13-CV-668, 2015 WL 5254768, at *2 (E.D. Va. Sept. 9, 2015), aff'd, 642 F. App'x 267 (4th Cir. 2016); *Stinnie v. Holcomb*, 396 F. Supp. 3d 653, 658 (W.D. Va. 2019).  Each of these factors weigh strongly in favor of granting the stay.  *See* BAE's Mem. in Supp. of its Motion to Stay and Bifurcate (ECF 64, at 11-16) ("Mot. to Stay/Bif.").

Fluor's contention that BAE "self-imposed" the stay, Mot. to Compel p. 7, completely ignores Fluor's role in creating both the need to stay discovery and the timing for when the motion was filed.  Fluor's argument is baseless and should be rejected.  Fluor complains that BAE did not file its motion to stay and bifurcate until December 3.  According to Fluor, this was done to prevent discovery being produced prior to the hearing.  Given that the hearing involves 12(b)(6) motions to dismiss, however, Fluor's argument is absurd.  Nothing produced in discovery can be used at the hearing on a motion to dismiss anyway.

BAE has contended from the beginning (as Fluor knows) that discovery should be stayed and that bifurcation may be appropriate depending on the outcome of the Pending Motions. BAE raised the issue during the very first hearing in this case with Judge Urbanski on April 6, 2021; exchanged numerous emails with Fluor on it; and discussed it in depth during the parties Rule 26 conference on July 23. In fact, BAE's intention was specifically called-out in the Rule 26(f) report jointly filed by the parties on August 13. (ECF 55.)

Thereafter, although various discovery "table setting" activities took place (*e.g.*, agreement on ESI protocol, exchange of lists of email custodians and document sources required by the ESI protocol, and exchange of the Rule 26 disclosures), no actual party discovery occurred. As required by Rules 33 and 34, BAE timely served its objections to the discovery requests within 30-days. (ECF 65-5 and 65-6). In addition to lodging objections as to the form and substance of each interrogatory and document request, BAE also explained in the "Preliminary Statement" to its objections that

> BAE will be filing Motions to Stay and to Bifurcate discovery. For the reasons which will be stated in support of BAE's forthcoming Motions to Stay and Bifurcate, BAE objects to all discovery in this action until the Motions to Dismiss, Motion to Strike, and Motions to Stay and Bifurcate are ruled upon by the Court.

(ECF 65-5, at 1; 65-6, at 1.) A similar objection was lodged to each specific interrogatory and request.

Fluor delayed the filing of BAE's motion to stay, while it prepared its motion to compel. On November 11 (the week before its responses were due), BAE notified Fluor that it intended to file its motion to stay and bifurcate and sought confirmation that Fluor would not agree to the motion. (*See* Mot. to Stay/Bif. Ex. A.) Fluor indicated that it might consider the motions but needed to discuss the issue internally and demanded a meet and confer the following Monday, November 15, and also demanded an informal pre-motion conference with Judge Ballou. *Id.* BAE agreed to the meet and confer, but in so doing, pointed out that the parties had already met and conferred on the issue during the July Rule 26 conference and that the motion was not really the type of issue that made sense to be discussed at an informal pre-motion conference. (*Id.*) During the meet and confer and the subsequent

informal conference before Judge Ballou, it was clear that Fluor had no intention of trying to resolve the issue and was merely trying to delay BAE's filing of the motion.

Put simply, with BAE's known position on the efficiency of staying or bifurcating discovery, prior to Fluor serving its discovery requests on October 15, BAE had no reason to file its motion to stay and bifurcate. Before that time, there was no discovery to stay and it appeared that Fluor had conceded to the wisdom of BAE's position that discovery should not precede the Court's decision on the Pending Motions. Once Fluor served discovery, however, BAE timely filed its objections, and (after Fluor's delay tactics) filed its motion to stay and bifurcate.

Moreover, the cases cited by Fluor are clearly distinguishable on their face and have no application here. *Innotec LLC v. Visiontech Sales, Inc.*, No. 3:17cv7, 2018 WL 2293969 (W.D. Va. May 18, 2018) involved a case where a motion to compel had previously been granted; the new motion to compel was for refusal to comply with the previously granted motion to compel; and settlement issues substantially complicated matter the matter. None of those issues are implicated in this dispute. *Alston v. Becton, Dickinson & Co.*, No. 1:12CV452, 2014 WL 338804 (M.D.N.C. Jan. 30, 2014) was a case concerning an extension of time to complete discovery filed by a pro se plaintiff after the discovery deadline where the pro se plaintiff had already filed a motion to stay and had it denied once before while she tried to find new counsel. None of those facts are present here. Similarly, in *Tinsley v. Kemp*, 750 F. Supp. 1001 (E.D. Mo. 1990) there was a local rule that expressly stated that the pendency of a motion did not stay discovery. There is no such rule in this District. Finally, in *O'Hara v. Capouillez*, No. 5:13-cv-119, 2013 WL 6672795 (N.D.W. Va. Dec. 18., 2013), the only operative part was dicta saying procedurally the motion to compel was ripe for decision, where the non-moving party said the motion to compel was not even ripe to decide due to the pending motions. Once again, clearly distinguishable from this case.

Putting aside that Fluor delayed BAE's filing of the motion to stay and bifurcate, a brief stay of discovery will not prejudice Fluor. The trial date is not until March 2023 and the hearing on the Pending Motions is now only a month away. While BAE recognizes that Judge Urbanski may not rule on the Pending Motions from the bench at the January 14 hearing, BAE believes that the parties will get some clarity on the issues during the hearing.

Finally, Fluor will not be prejudiced because little if any meaningful discovery will actually be produced before the January hearing even if Fluor's motion is granted. As Fluor has admitted, even had BAE not sought to stay discovery, given the timing of Fluor's discovery requests, no document discovery would have been exchanged before the hearing. As a result, Fluor's motion to compel, for all practical purposes, is limited to interrogatory responses. And, because many of Fluor's interrogatories (*e.g.*, Interrogatories 1-2, 12-13, 17-22) are contention/"blockbuster" interrogatories which require significant discovery to answer, at best Fluor will receive preliminary responses which will need to be materially supplemented during discovery. *See, e.g., Univ. of Virginia Patent Found. v. Gen. Elec. Co.*, 2015 WL 4878880, at *2 (W.D. Va. 2015) ("Contention interrogatories . . . can be of limited use 'before substantial documentary or testimonial discovery has been completed' . . . . Rule 33 thus grants courts discretion to 'order that the interrogatory need not be answered until designated discovery is complete.'") (internal citations omitted); *Taggart v. Damon Motor Coach*, 5:05-cv-191, 2007 WL 152101, at *8 (N.D.W.Va. 2007) ("Although contention interrogatories represent a valid discovery device, they should not be served until near the end of the discovery period . . . . Where significant discovery has not occurred, a motion to compel contention interrogatories should be denied without prejudice") (internal citations omitted). *Wheeler v. Virginia*, 7:17-cv-337, 2018 WL 10611693 at *2 (W.D. Va. 2018) ("Courts repeatedly hold that these "blockbuster interrogatories" are unduly burdensome on their face") (citing *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186–87 (D. Kan. 1997) and other authorities); *Hilt*, 170 F.R.D. at 187 ("Each interrogatory should consist of a brief, simple, direct, and unambiguous

question, dealing with one point only"); *Grynberg v. Total S.A.*, No. 03-cv-1280, 2006 WL 1186836 at *6 (D. Colo. 2006) ("[I]nterrogatories should not require the answering party to provide a narrative account of its case.")

B. BAE's Motions to Dismiss and Strike if Granted Will Materially Reduce the Scope of Discovery

Despite the centrality of Fluor's contractual design responsibility to BAE's complaint (*see* ECF 1 ¶¶ 37; 39; 44; 45; 46; 47; 49; 50; 54; 55; 56; 57; 59; 60; 61; 62; 72; 73; 74; 77; 78; 79; 82; 83; 84; 86; 87; 88; 89; 90; 106; 112; 148; 149) and Fluor's counterclaim (*see* ECF 29 ¶¶ 1; 3; 4; 5; 9; 10; 11; 12; 13; 14; 18; 28; 36; 37; 40; 41; 42; 43; 44; 47; 48; 50; 51; 52; 53; 54; 56; 67; 68; 69; 72; 76; 77; 84; 95; 96; 110; 111; 112; 117; 121; 131; 138; 143; 144; 150; 157; 158; 159; 160; 161; 162; 163; 164; 165; 166; 167; 168; 169; 170; 171; 172; 173; 174; 175; 176; 177; 178; 179; 180; 181; 182; 183; 184; 194; 199; 212; 222; 234; 239; 240; 250), and the importance of determining if the amount in dispute exceeds $200 million or is capped by the contract's $30 million liability limit, Fluor contends that resolution of these two Key Contract Interpretation Issues will not reduce discovery. Fluor's argument defies common sense.

To support its argument, Fluor misrepresents the scope of BAE's motion to dismiss (ECF 38). Fluor asserts that "BAE did not move to dismiss Fluor's claims related to BAE's delay or changes to the Project's Process Design." Mot. to Compel, 13. That is false. BAE moved to dismiss all of Fluor's breach-of-contract claims (both the majority of which relate to design responsibility and the small number that do not), which are all in the nature of "Potential Change Notices" or "PCNs," because Fluor failed to satisfy the contractual conditions precedent for an equitable adjustment based on the alleged "changes." *See* BAE's Mem. in Supp. of Mot. to Dismiss Countercl. (ECF 39, at 16-17) ("BAE MTD"). Likewise, BAE moved to dismiss Fluor's amorphous breach of good faith covenant claim which is imbedded in Flour's breach of contract cause of action (*id.* pp. 17-20), and Fluor's two remaining claims for *quantum meruit* and unjust enrichment (*id.* at 20-24.). In short, BAE

{2907033-1, 115568-00010-01} 10

moved to dismiss Fluor's entire Counterclaim. It therefore goes without saying that if BAE's motion to dismiss is granted, discovery on Fluor's claims will not only be reduced, it will be eliminated.

Next, Fluor tries to diminish the criticality of the Key Contract Interpretations Issues to both parties' cases. As it relates to the design responsibility issue, Fluor makes two arguments. First, Fluor claims that resolving the design responsibility will not make much difference to streamlining the case because certain of Fluor's PCNs are not premised on alleged defects in the Lauren Design. Fluor sweeps aside, however, that its counterclaim's alleged damages primarily involve the Lauren Design. Second, Fluor contends that because Fluor only filed a partial motion to dismiss, BAE's claim will proceed and require discovery. As an initial matter, neither party disputes that Fluor's inability to timely complete the design significantly delayed the project. (*See* Compl. ¶¶ 8, 79, 81-85, 90, 106, 112); Countercl. ¶¶ 5, 16, 193, 212, 222.) The parties do, however, dispute which party is responsible for the design work that caused the delay. As a result, the Court's determining responsibility for the design will go a long way towards resolving responsibility for the delay and the need for any discovery on that.

Resolution of the enforceability and application of the liability cap – the subject of BAE's motion to strike – will also materially limit discovery. Fluor contends that the liability cap is somehow ambiguous requiring discovery of parol evidence to explain its meaning. BAE disagrees and believes the liability cap's effect on the parties' damages can be determined solely from the face of the contract. Assuming that Fluor can convince the Court that parol evidence is necessary, and that BAE's motion to strike is premature, discovery would be needed only to explain the parties' intent in agreeing to the liability cap. And, contrary to Fluor's argument, the Court's early determination of the enforceability and application of the liability cap will reduce discovery in the overall case. While BAE understands and agrees that enforcement of the liability cap will not cut off Fluor's right to seek discovery on any of its PCNs, a decision on whether Fluor can recover only up to $30 million on its $200 million claim

will, practically speaking, reduce the parties' desire for unlimited discovery and incentivize settlement negotiations making further significant judicial involvement less likely. There is simply no downside to the Court's ruling now on the liability cap issue. It is a matter of contract interpretation.

C. <u>BAE Is Not Seeking a Stay to Gain an Advantage in the Upcoming Hearing.</u>

The overriding theme of Fluor's motion to compel is that BAE is seeking an advantage by requesting a stay, and if necessary, bifurcation. But the requested stay of discovery equally applies to BAE's complaint and defenses and Fluor's counterclaim and defenses. Likewise, there is no merit to Fluor's argument that BAE is seeking to prevent an "accurate record" from being "available for use at the January 14 motion hearing." (Mot. to Compel, at 8.) As BAE explained above, the January 14 hearing on the Pending Motions is on the pleadings - no record outside of the pleadings is permitted. Regardless, as a practical matter, no material discovery will be produced by either side before the hearing in any case—as Fluor well-knows.

BAE is not seeking to prevent discovery; the issue is timing. Hundreds of millions' of dollars' worth of claims could (and likely will) shortly be dismissed or significantly be reduced. Neither side has (or should have) any interest in discovery in claims that do not survive the Pending Motions. BAE, of course, understands that it is perhaps possible that one or more Key Contract Interpretation Issues could survive the Pending Motions (although they should be decided based on the four corners of the contract). If they do, the only discovery currently requested by Fluor[3] that would assist in the resolution of the Key Contract Interpretation Issues are: Interrogatories 7-11 and 13 and Document Requests 7, 8, 15-16, 23-24, 31-34.

---

[3] Consistent with BAE's view that discovery should be stayed, BAE has not yet issued discovery requests.

D. No Basis for Fluor's Request for Attorney's Fees.

Fluor's demand for attorney's fees is, of course, meritless and hardly warrants a response. Regardless, it is plain that BAE's position is substantially justified and an award of fees would be highly unjust. "Courts have concluded that 'substantial justification' could include making meritorious objections to requested discovery, or even engaging in a legitimate dispute over the sequence of discovery." *Harrison v. Carrington Mortg., Servs.*, LLC, No. 3:16-cv-00014, 2017 WL 1612135, at *2 (W.D. Va. Apr. 28, 2017) (quoting Kemp v. Harris, 263 F.R.D. 293, 296-97 (D. Md. 2009).

Here, there was a genuine dispute about the sequence of discovery, *i.e.,* whether the pending motions to dismiss and strike should be resolved before substantive discovery. *See,e.g.*, *Technitrol, Inc. v. Digital Equip. Corp.*, 62 F.R.D. 91, 93 (N.D. Ill. 1973) (concluding that "dispute as to the sequence of discovery, … constituted substantial justification in opposition to the motion"); *Kennedy v. Dremine,* No. 08-cv-00067(S)(M), 2008 WL 11508984, at *2 (W.D.N.Y. Oct. 30, 2008) ("Because defendants' opposition was based on the timing of discovery rather than on whether it would occur at all, an award of attorney's fees is not mandated in this case.")

BAE acted in good faith; there is no prejudice from awaiting the hearing in just over a month; and this is an unusual circumstance where hundreds of millions of dollars' worth of claims could be dismissed in just over a month.

**III.    Conclusion**

For the reasons set forth herein, as well as in BAE's memorandum in support of its motion to stay and bifurcate (ECF 64), BAE respectfully requests that Fluor's motion to compel be denied in its entirety.

Respectfully submitted,

                                  BAE SYSTEMS ORDNANCE SYSTEMS, INC.

                                  By:  /s/ Todd M. Conley
                                         Of Counsel

Todd M. Conley (VSB No. 89839)
Jeffrey J. Golimowski (VSB No. 93525)
WOMBLE BOND DICKINSON (US) LLP
8350 Broad Street, Suite 1500
Tysons, VA 22102
Telephone:  (703) 394-2245
todd.conley@wbd-us.com
jeff.golimowski@wbd-us.com

Joshua R. Treece (VSB No. 79149)
jtreece@woodsrogers.com
Justin E. Simmons (VSB No. 77319)
jsimmons@woodsrogers.com
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Telephone:  (540) 983-7600
Facsimile: (540) 983-7711

Karen M. Stemland (VSB No. 47167)
WOODS ROGERS PLC
123 East Main Street, 5th Floor
Charlottesville, Virginia 22902
Telephone: (434) 220-6826
Facsimile: 434-566-0473
kstemland@woodsrogers.com