**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| BAE SYSTEMS ORDNANCE SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 7:20-cv-00587 |
| | ) | |
| FLUOR FEDERAL SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The parties are here on the Motion to Stay and to Bifurcate of Plaintiff, BAE Systems Ordnance Systems, Inc. ("BAE"), and the Motion to Compel Responses to Discovery Requests and for Attorney Fees and Expenses of Fluor Federal Solutions, LLC ("Fluor"). Dkts 63 and 65. This breach of contract action arises from the construction of a nitrocellulose manufacturing facility at the United States Army Ammunition Plant in Radford, Virginia in which BAE served as the prime contractor and Fluor acted as a subcontractor. BAE filed a one count breach of contract action against Fluor and Fluor, in turn, asserted a counterclaim for breach of contract, quantum meruit, and unjust enrichment. I **DENY** BAE's motion to stay and leave to the presiding judge the issue of bifurcation of the case.[1] Dkt. 63. I **GRANT** Fluor's motion to compel to the extent that discovery should continue and BAE shall respond to all outstanding discovery. Dkt. 65.

The case is set for a bench trial on March 6-24, 2023. The district court entered a scheduling order on July 12, 2021 (Dkt. 48) and thereafter, the parties submitted the Rule 26(f)

---

[1] BAE requests that the court bifurcate the case into certain contract interpretation issues if the court does not grant its motion to dismiss. Because this portion of the motion touches upon the issues which would go forward and the possible trial of the case, it is properly decided by the presiding district judge.

Agreed Written Plan and agreed order to amend the scheduling order which set out the discovery plan of the parties. Dkts. 59 and 60.  Discovery then began with Fluor serving interrogatories and requests for production and the parties exchanging initial disclosures, negotiating a protocol for the discovery of ESI, which included providing the names of hub and party custodians and non-custodial document locations. BAE now refuses to engage in further discovery pending resolution by the district court of the various motions to dismiss or to strike both parties have filed as to the underlying complaint and counterclaim. In fact, BAE wishes to stay any further discovery until the district court issues its opinion on the motions to dismiss.

In determining whether to grant a stay, courts "balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." Maryland v. Universal Elections, Inc., 729 F.3d 370, 375 (4th Cir. 2013). Factors include: (1) the interests of judicial economy; (2) the hardship and equity to the moving party in the absence of a stay, and (3) the potential prejudice to the non-moving party in the event of a stay. Stinnie v. Holcomb, 396 F. Supp. 3d 653, 658 (W.D. Va. 2019). Here, I find that the balance of the factors weighs against a stay of discovery. The parties have asserted significant contract claims against one another which will require extensive discovery, and the failure of the parties to pursue discovery diligently could jeopardize the completion of discovery by the deadline set out in the pre-trial scheduling order, and thus, in turn, affect the trial date.[2] Moreover, BAE had participated in early the stages of discovery, but now does not wish to answer propounded discovery or produce documents on the presumption that it will prevail at the motion to dismiss stage.

---

[2] Both parties argued extensively both on brief and during the hearing about the strength or weakness of the respective motions to dismiss, and invited the court to base its decision, at least in part, on the likely outcomes of the motions to dismiss. I will not do so as that decision is reserved for the district judge.

Accordingly, I **DENY** BAE's motion to stay the discovery of this case and **GRANT** Fluor's motion to compel to the extent that BAE shall provide substantive responses to the propounded interrogatories within twenty-one days of this Order and produce requested documents in accordance with the ESI protocols agreed to by the parties. To the extent BAE relies upon previous objections to discovery, the parties are directed to meet and confer on those objections. The request of Fluor for an award of attorney fees and expenses is **DENIED**.

It is so **ORDERED**.

Entered:  December 29, 2021

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge