*BAE Systems Ordnance Systems, Inc. v. Fluor Federal Solutions, LLC*

Case No. 7:20-cv-587

W.D. Va. – Roanoke Division

# BAE'S Opposition to Fluor's Partial Motion to Dismiss Under Rule 12(b)(6)

# Summary of BAE's Claim

- In December 2015, BAE and Fluor entered into a firm, fixed-price Subcontract for a new nitrocellulose (NC) facility at the Radford Army Ammunition Plant (Project). (Compl. ¶¶ 1, 62.)

- Fluor agreed to design, construct, and partially commission the Project. (Compl. ¶ 62.)

- Fluor agreed to complete the Project by July 30, 2018. (Compl. ¶¶ 6, 66.)

- Fluor agreed that if it failed to complete the Project by July 30, 2018, without excuse, then it would be responsible for delay damages. In particular, Fluor agreed to "reimburse BAE Systems all damages and expenses incurred by BAE Systems due to [Fluor's] failure to complete the Work by such time." (Compl. ¶ 68(d) & Gen. Prov. § 28(e).)

# Summary of BAE's Claim (Cont.)

- Without excuse, Fluor breached the Subcontract by failing to complete the project by July 30, 2018. (Compl. ¶¶ 7, 98.)

- As a result of this breach, BAE incurred millions of dollars in delay damages. (Compl. ¶¶ 9, 151–53.)

- BAE asserts a single count for breach of contract, seeking all damages it incurred as a result of Fluor's unexcused delay. (Compl. ¶¶ 146–53.)

# Summary of Fluor's Motion

- Fluor does not move to dismiss BAE's breach-of-contract claim in its entirety.  Instead, Fluor moves to dismiss only a portion of the relief BAE seeks for Fluor's breach of the Subcontract.

- Fluor moves to dismiss BAE's request for the $9 million in consideration that BAE had to give the Government in order to avoid termination for default and to obtain an extension of the Prime Contract to November 30, 2020.

- Fluor also moves to dismiss BAE's request for the excess costs that BAE incurred to complete the work that it had to remove from Fluor's scope of work because of Fluor's unexcused delay.

# Fluor's Motion Should Be Denied

1. **BAE has stated a plausible claim for the $9 million in consideration that it had to give the Government as a result of Fluor's unexcused delay.**

   A.  *BAE has alleged sufficient facts to establish its right to recover the $9 million in consideration under the Subcontract.*

   - **Legally Enforceable Obligation:** Under the Subcontract, Fluor was obligated to complete the Project by July 30, 2018. (Compl. ¶¶ 7, 98.) And if it failed to do so without excuse, then it agreed to "reimburse BAE Systems all damages and expenses incurred by BAE Systems due to [Fluor's] failure to complete the Work by such time." (*Id.* ¶ 68(d) & Gen. Prov. § 28(e).)

   - **Breach of Obligation:** Without excuse, Fluor failed to complete the Project by July 30, 2018, and thus breached the Subcontract. (Compl. ¶¶ 7, 98.)

- **Damages Caused by Breach:** As a result of Fluor's unexcused delay, BAE had to give the Government $9 million in consideration in order to avoid termination for default and to obtain an extension of the Prime Contract to November 30, 2020. (Compl. ¶¶ 110–11, 120, 153(b).)

## B.  *BAE's delay damages are direct, not consequential, and thus recoverable under the Subcontract.*

- Under Virginia law, direct damages are those that arise naturally or ordinarily from a breach of contract, whereas consequential damages are those that arise from the intervention of special circumstances not ordinarily predictable.

- The $9 million in consideration that BAE had to give the Government was a direct result of Fluor's unexcused delay. (Compl. ¶¶ 103–05, 111, 120.)

- Fluor was on notice that the Subcontract was issued under a Prime Contract with the Government and that if the Government determined that BAE was in default as a result of Fluor's unexcused delay, then there would be delay damages or termination.

- Fluor was also on notice that its failure to complete the Project by July 30, 2018, without excuse, was a breach of the Subcontract and that BAE had sustained substantial damages as a result of the unexcused delay, including the $9 million in consideration paid to the Government. (Compl. ¶ 144.)

- It was predictable that if Fluor failed to complete the Project by July 30, 2018, without excuse, then the Government would either terminate the Prime Contract or demand consideration for the delay.

- BAE was successful in negotiating for an extension of the Prime Contract with the Government in exchange for $9 million in consideration. The Government chose to take that consideration in maintenance on the legacy NC facility. (Compl. ¶¶ 110–111.)

- It was predictable that the legacy NC facility would need to be maintained until the new NC Facility was complete. (Compl. ¶ 120.) The Radford Army Ammunition Plant is vital to national security as a key manufacturer of NC for the Government. (Compl. ¶ 33 & n.7.) The Government thus needed the legacy NC facility to remain operational until the new NC Facility was completed.

- Fluor was on notice that delays to the new NC Facility would cause delay damages and extra costs to maintain the legacy NC Facility to keep it operational.  The $9 million was a reasonable estimate of those delay damages.

- Courts have held that damages similar to those BAE seeks here are direct damages:

  - *Hiss v. Friedberg*, **112 S.E.2d 871 (Va. 1960):** Plaintiff entitled to recover attorney's fees and costs incurred in litigation with a third party because "the employment of counsel . . . was a direct and necessary consequence of [defendant's] breach of the [parties'] contract."

  - *Roanoke Hospital Ass'n v. Doyle & Russell, Inc.*, **214 S.E.2d 155 (Va. 1975):** Owner entitled to recover as direct damages added interest costs during the construction period arising from the longer term of borrowing necessitated by contractor's unexcused delay.

  - *Hemenway Co. v. Bartex, Inc. of Texas*, **373 So.2d 1356 (La. App. 1st Cir. 1979):** Owner entitled to recover as direct damages rent paid for an alternative facility and additional interest incurred as a result of contractor's unexcused delay.

2.   **BAE has stated a plausible claim for the excess costs that it incurred to complete the work that it had to remove from Fluor's scope of work as a result of Fluor's unexcused delay.**

- **Legally Enforceable Obligation:** Under the Subcontract, Fluor was obligated to complete the Project by July 30, 2018. (Compl. ¶¶ 7, 98.) And if it failed to do so without excuse, then it agreed to "reimburse BAE Systems all damages and expenses incurred by BAE Systems due to [Fluor's] failure to complete the Work by such time." (*Id.* ¶ 68(d) & Gen. Prov. § 28(e).)

- **Breach of Obligation:** Without excuse, Fluor failed to complete the Project by July 30, 2018, and thus breached the Subcontract. (Compl. ¶¶ 7, 98.)

- **Damages Caused by Breach:** The Subcontract allows BAE to remove work from Fluor's scope of work and to recover the excess costs incurred to complete the removed work. (Gen. Prov. §§ 3(e)(v), 28(e).) Because of Fluor's unexcused delay, BAE was forced to take work from Fluor's scope of work and complete it. (Compl. ¶ 109.) In doing so, BAE incurred costs that it would not have incurred but for Fluor's unexcused delay. (*Id.* ¶ 153(d).)

# Conclusion

- BAE alleges sufficient facts to establish plausible claims for the $9 million in consideration provided to the Government and for the excess costs incurred to complete the work removed from Fluor's scope of work as a result of Fluor's breach of the Subcontract.

- Fluor's motion should therefore be denied.