IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **BAE SYSTEMS ORDNANCE SYSTEMS, INC.**<br><br>**Plaintiff,**<br><br>v.<br><br>**FLUOR FEDERAL SOLUTIONS, LLC**<br><br>**Defendant.** | Civil Action No. 7:20-CV-00587 |

## STIPULATED PROTECTIVE, CONFIDENTIALITY, AND RULE 502 CLAWBACK ORDER

WHEREAS, certain documents and information have been and may be sought, produced or exhibited by and between the parties to the above-captioned proceeding (the "Litigation") and/or produced or disclosed to the parties by non-parties in connection with the Litigation through subpoena or otherwise, which are protected by the attorney-client privilege, the work product doctrine, or other evidentiary privileges ("PRIVILEGED Information"), or which relate to sensitive competitive or proprietary information, sensitive and confidential financial information or personnel information ("CONFIDENTIAL" or "ATTORNEYS EYES ONLY") and highly sensitive documents ("HSDs") within the meaning of this Court's Standing Order No. 2021-01 (including export-controlled and operational security information), or other kinds of sensitive information which a party or non-party making the production, in good-faith, deems confidential, and that warrants the protections set forth herein (CONFIDENTIAL or ATTORNEYS EYES ONLY and HSDs collectively, "RESTRICTED Information"); and

1

WHEREAS, it has been agreed by and among the parties in the Litigation, through their respective counsel, that, to expedite the flow of discovery material and to protect and preserve the confidentiality of PRIVILEGED Information and RESTRICTED Information, a protective order should be entered by the Court; and

WHEREAS, the Court finds good cause and concludes that entry of this Order is reasonable and proper under the circumstances to facilitate and expedite the flow of discovery and to adequately protect PRIVILEGED Information and RESTRICTED Information in connection with this Litigation.

IT IS HEREBY STIPULATED AND AGREED, by and among the Parties, through their undersigned counsel, and with approval of the Court, that this Protective Order will govern all PRIVILEGED and RESTRICTED Information, including all documents containing such information, and all PRIVILEGED Information and RESTRICTED Information produced, disclosed or used during the Litigation by or to a party, whether revealed in a document, deposition, other testimony, discovery response, pleading, brief, memoranda, affidavit, declaration, transcript, subpoena response or otherwise, by any party or non-party in connection with this Litigation. Any summary, analysis, description, compilation, notes, excerpt, copy, electronic image, or database containing PRIVILEGED Information or RESTRICTED Information shall be subject to the terms of this Order to the same extent as the underlying material or information from which such summary, analysis, description, compilation, notes, excerpt, copy, electronic image, or database is made or derived. This Protective Order is binding upon the parties to the Litigation and their respective attorneys, agents, representatives, officers and employees, and to others as set forth in this Protective Order.

Accordingly, for good cause, it is hereby ORDERED as follows:

1. **Definitions**

1.1 PRIVILEGED Information: all documents, electronically stored information ("ESI"), tangible objects, and other information or material of the Parties which may be protected from discovery as attorney-client communications, attorney work product and/or any other privilege recognized by the laws of Virginia, or, with regard to documents, ESI, tangible objects, and other information or material owned or possessed by third parties, the privileges recognized by the laws of the state where such documents were created.

1.2 EXPORT-CONTROL-RESTRICTED Information: documents, testimony, materials, and information relevant to this Litigation are subject to disclosure restrictions to the extent they contain "export-controlled" information as set forth in federal statutes and regulations including, but not limited to, the U.S. Arms Export Control Act, 22 U.S.C. §§ 2751-2799, the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120-130, the Export Administration Act, 50 U.S.C. §§ 4611-4613, the Export Control Reform Act, 50 U.S.C. §§ 4801-4826 and/or the U.S. Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, et seq.. Such documents, information, material, and deposition testimony may not be exported, reexported, temporarily imported, transferred, or retransferred to any non-U.S. person, country, or entity, by any means without proper approval under federal law.

1.3 OPSEC-RESTRICTED Information: Consistent with Army Regulation 530-1, documents, testimony, materials, and information relevant to this Litigation are subject to disclosure restrictions to the extent they contain "operational security information," that an adversary intelligence system might obtain that could be interpreted or pieced together to derive "critical information," as defined in Army Regulation 530-1, Ch. 1, "Definitions," 1-5(b), that is useful to adversaries of the United States for exploitation.

1.4 HIGHLY SENSITIVE Documents and Information ("HSDs"): highly sensitive documents and information as defined in the Court's Standing Order No. 2021-01 (including documents and information that contain EXPORT-CONTROL-RESTRICTED Information and/or OPSEC-RESTRICTED Information).

1.5 CONFIDENTIAL Information: Any information, document, or thing that is produced in this action that a party or non-party believes, in good faith, constitutes, contains, embodies, or reflects the party's trade secrets or other non-public and confidential technical, proprietary, commercial, financial, personal, or business information, or other valuable information covered by a legitimate privacy right or interest may be marked CONFIDENTIAL. Copies or excerpts of information contained within, or summaries, notes or charts containing any information from, a document or thing designated as CONFIDENTIAL may also be designated as CONFIDENTIAL. Materials designated as CONFIDENTIAL shall not include any information, Document, or thing that: (a) at the time of the disclosure hereunder is or has been available to the public; or (b) after disclosure hereunder becomes available to the public through no act, or failure to act, in contravention of the terms of this Protective Order by the Receiving Party; or (c) the Receiving Party can show: (i) was already known to the Receiving Party; (ii) was generated by the Receiving Party; or (iii) was received by the Receiving Party from a non-party having the right to make such a disclosure on a non-confidential basis.

1.6 ATTORNEYS' EYES ONLY Information: Highly confidential information that a party believes, in good faith, warrants protection over and above the protections afforded information designated CONFIDENTIAL that would create a substantial risk of serious competitive, commercial or other harm and contains non-public, sensitive, competitive business information, including but not limited to, bids, bidding strategies, financial forecasts, financial

projections, business or marketing plans or studies or models, asset valuations, proposed transactions or similarly highly confidential and competitive commercial, financial, or business information may be marked ATTORNEY'S EYES ONLY. Copies or excerpts of information contained within, or summaries, notes or charts containing any information from, a document or thing designated as ATTORNEYS' EYES ONLY may also be designated as ATTORNEYS' EYES ONLY information.

1.7 RESTRICTED Information: all CONFIDENTIAL and ATTORNEYS' EYES ONLY information (regardless of how it is generated, stored, or maintained), and all HSDs (including information that contains EXPORT-CONTROL-RESTRICTED Information and OPSEC-RESTRICTED Information).

1.8 CLASSIFIED Information: Information that is classified under an applicable Department of Defense Form 254 and Security Classification Guide, or authority granted by Executive Order 13526, and is sensitive information to which access is restricted by law or regulation to particular classes of people.

1.9 PROJECT:  The design and construction services for a new Nitrocellulose Facility on the Radford Army Ammunition Plant in Radford, Virginia, which is the subject of this Litigation.

1.10 SUBCONTRACT:  The subcontract between BAE and Fluor, which was entered into on or about December 17, 2015.

2. **Protection of Disclosed, RESTRICTED Information**: To protect the Parties' Disclosed, RESTRICTED Information, the Parties hereby agree that RESTRICTED Information produced by the Parties in this Litigation or information derived therefrom (hereinafter referred to collectively as "Disclosed Information") shall be used solely for the prosecution and/or defense of this Litigation, and/or any appeal arising from the foregoing. The Disclosed Information must be

kept confidential and may not be disclosed except in connection with the Litigation or with the express written consent of the party producing the RESTRICTED Information (the "Disclosing Party") or unless permitted by a valid Court Order directing the disclosure of certain Disclosed Information. The Parties acknowledge and agree that it will not be reasonable or efficient for a Disclosing Party to designate RESTRICTED Information as "EXPORT-CONTROL-RESTRICTED" or "OPSEC-RESTRICTED" prior to its disclosure to the Receiving Party in the Litigation.  Such inability of the Disclosing Party to designate RESTRICTED Information as "EXPORT-CONTROL-RESTRICTED" or "OPSEC-RESTRICTED" shall not be deemed an admission nor mean that such information is not HSDs requiring protection as such under this Protective Order.  Instead, each Party represents and warrants that (i) the Party has on staff, or will retain, personnel ("National Security Personnel") knowledgeable and experienced in analyzing information and determining if such information is "EXPORT-CONTROL-RESTRICTED" or "OPSEC-RESTRICTED"; and (ii) prior to publicly disclosing any information in this Litigation, including electronically filing or submitting information on the public CM/ECF system, the Party's National Security Personnel shall determine whether such information is "EXPORT-CONTROL-RESTRICTED" or "OPSEC-RESTRICTED", and if it is, the Party shall comply with the procedures set forth in this Protective Order for protecting and handling the "EXPORT-CONTROL-RESTRICTED" or "OPSEC-RESTRICTED" information.  Each Party assumes full responsibility and liability for its disclosure of "EXPORT-CONTROL-RESTRICTED" or "OPSEC-RESTRICTED" information within its custody or control during the duration of the Litigation, including any appeal.

3. **CONFIDENTIAL Information**: Disclosed RESTRICTED Information designated, in good faith, as "CONFIDENTIAL" may only be produced or made available to the following persons, absent written consent from the Disclosing Party:

    a. parties to the Litigation (including necessary employees of the Parties);

    b. counsel to the Parties for the prosecution or defense of the Litigation, including: attorneys and clerical, paralegal and secretarial staff employed by such counsel;

    c. the Court, or other appropriately appointed individual or body having authority to decide or otherwise resolve the Litigation;

    d. employees of outside copy services or electronically stored information (ESI) vendors used to make copies or manage Disclosed Information;

    e. any expert or consultant in the Litigation. Before transfer or provision in any manner of the Disclosed Information to an expert witness or consultant, Counsel making such disclosure first shall obtain the agreement of such expert or consultant to be bound by the terms of this Order by signing the form set forth in Exhibit A. Before, or concurrent with the exchange of expert disclosures, or the appearance of such expert or consultant at any deposition or hearing in the Litigation, Counsel making the disclosure shall provide a copy of Exhibit A signed by each such person to the Disclosing Party;

    f. court reporters who record testimony taken in the course of the Litigation; and,

    g. any other person who the Disclosing Party agrees to in writing, or after a court order has been obtained to permit such disclosure.

4. **ATTORNEYS' EYES-ONLY Information**: Disclosed RESTRICTED Information designated, in good faith, as "ATTORNEYS' EYES ONLY" may only be produced or made available to the following persons, absent written consent from the Disclosing Party:

    a. Attorneys, including in-house counsel, and their paralegal and support staff representing the parties to the Litigation;

    b. an expert or consultant in the Litigation who is consulting on an issue that requires review of ATTORNEYS' EYES ONLY information. Before the transfer or provision in any manner of the Disclosed Information to an expert witness or consultant, Counsel making such disclosure first shall obtain the agreement of such expert or consultant to be bound by the terms of this Order by signing the form set forth in Exhibit A. Before, or concurrent with the exchange of expert disclosures, or the appearance of such expert or consultant at any deposition or hearing in the Litigation, Counsel making the disclosure shall, upon request, provide a copy of Exhibit A signed by each such person to the Disclosing Party;

    c. copy services and electronically stored information (ESI) vendors who have executed Exhibit A;

    d. court reporters at depositions;

    e. the Court and its support personnel; and,

    f. persons who prepared or have previously received a document or thing designated "ATTORNEYS' EYES ONLY", and such persons may inspect only those documents or things prepared or previously received by them.

5. **EXPORT-CONTROL-RESTRICTED INFORMATION:**

EXPORT-CONTROL-RESTRICTED Information, including documents, information, material and testimony related to this Litigation containing technical data under the ITAR or EAR

must be protected from export or transfer to unauthorized foreign persons, whether located inside or outside of the United States, including any foreign persons (as defined under these export control regimes) that may be employed by law firms, consultants, or any other third party involved in this dispute. The furnishing of technical assistance (including the disclosure or release of export-controlled technical data) may constitute a "defense service," that also requires approval.

Counsel shall take all necessary steps to ensure that any EXPORT-CONTROL-RESTRICTED Information will only be provided to, or accessible by, U.S. persons serving as expert or fact witnesses, or acting on behalf of Counsel as employees, contractors, vendors, or other service providers on a need-to-know basis. Additionally, Counsel shall take all necessary steps to ensure that (i) access to these documents will be restricted to U.S. persons (as defined by ITAR § 120.15), (ii) these documents will not be exported to foreign persons or foreign countries, and (iii) no technical assistance directly related to controlled defense articles or other commodities will be provided to foreign persons or foreign countries. Counsel will securely maintain EXPORT-CONTROL-RESTRICTED Information in a password-protected repository accessible only to U.S. Persons and minimize printing and hard copy storage of EXPORT-CONTROL-RESTRICTED documents.

Where EXPORT-CONTROL-RESTRICTED Information, as determined by the filing Party's National Security Personnel, is included in any filing with the Court, the filing party must comply with the Court's Standing Order No. 2021-01 for HSDs and/or any subsequent Order of the Court concerning HSDs generally or EXPORT-CONTROL-RESTRICTED Information specifically and shall not file such information on the public CM/ECF system.

In any public filing with the Court, any information the filing Party's National Security Personnel determines to be "EXPORT-CONTROL-RESTRICTED" shall be redacted and the

9

Party making the filing must notify the non-filing Party and the Court in writing that the redactions have been made to prevent the unauthorized disclosure of Export-Control-Restricted information.

6. **OPSEC RESTRICTED:** Counsel shall take all necessary steps to ensure that any OPSEC-RESTRICTED information is not publicly disclosed. Counsel will securely maintain OPSEC-RESTRICTED Information in a password-protected repository and minimize printing and hard copy storage of OPSEC-RESTRICTED documents.

BAE Systems is available upon request, with reasonable notice, to review any materials that may be included in any pleading or other public document for OPSEC-Restricted Information. This does not create any obligation or requirement to seek out such review on Fluor or any other Producing Party.

Where OPSEC-RESTRICTED Information, as determined by the filing Party's National Security Personnel, is included in any filing with the Court, the filing party must comply with the Court's Standing Order No. 2021-01 for HSDs and/or any subsequent Order of the Court concerning HSDs generally or OPSEC-RESTRICTED Information specifically and shall not file such information on the public CM/ECF system.

In any public filing with the Court, any information the filing Party's National Security Personnel determines to be "OPSEC-RESTRICTED" shall be redacted and the Party making the filing must notify the non-filing Party and the Court in writing that the redactions have been made to prevent the unauthorized disclosure of OPSEC-RESTRICTED information.

7. **Storage of RESTRICTED Information**: Disclosed, RESTRICTED Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8. **Restrictions on the Disclosure of RESTRICTED Information:** Disclosed, RESTRICTED Information shall be maintained in confidence in accordance with this Order and any applicable statutes or regulations and shall be disclosed only to the persons and entities permitted by this Order.

If any court, administrative forum, governmental agency, or the like requests, subpoenas or orders the production of Disclosed RESTRICTED information that a party or its counsel has obtained and that is subject to this Order, such parties shall promptly notify the Disclosing Party of such request, subpoena or order.

9. **Inadvertent or Unintentional Disclosure of CONFIDENTIAL AND ATTORNEYS' EYES ONLY Information:** The inadvertent or unintentional disclosure of information, documents, or things that should have been designated as CONFIDENTIAL or ATTORNEYS EYES ONLY, regardless of whether the information, documents, or things were so designated at the time of disclosure in this Litigation, shall not be deemed a waiver in whole or in part of any party's claim of confidentiality. A Disclosing Party may notify the other Parties that documents, things, or information should have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.  Upon receiving such notice from the Disclosing Party, the party receiving such notice shall immediately treat the document or thing as if it had been so designated. Promptly after receipt of such notice, the Receiving Party shall notify all persons who, to the best of the Receiving Party's knowledge, have seen or had access to the CONFIDENTIAL or ATTORNEYS' EYES ONLY information. No party shall be held in breach of this Order if, before receipt of such notice, any CONFIDENTIAL or ATTORNEYS' EYES ONLY documents or things inadvertently produced without being so designated were disclosed to any person(s) not

authorized to receive CONFIDENTIAL or ATTORNEYS' EYES ONLY information under this Order.

10.  **Challenging Designations:** In the event that the Receiving Party considers any document, thing or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY as not deserving of such treatment, the Receiving Party may notify the Disclosing Party of its position in writing (the "Notice"). If the Disclosing Party and Receiving Party are not able to resolve their designation dispute within seven (7) business days following the receipt of the Notice, counsel for the Receiving Party may apply to the Court, on proper notice to counsel for the Disclosing Party, for an order resolving the dispute. Prior to the Court's ruling, the documents, things or information in question shall not be disclosed by the Receiving Party to any persons other than those entitled to receive it under Articles 3 - 4 above. The burden of proving entitlement to CONFIDENTIAL or ATTORNEYS' EYES ONLY treatment for any document, thing or information shall remain at all times with the Disclosing Party.

In the event that a Party ("Non-filing Party") believes the other Party has unlawfully publicly disclosed "EXPORT-CONTROL-RESTRICTED" or "OPSEC-RESTRICTED" information, including electronically filing or submitting such information on the public CM/ECF system ("Filing Party"), the Non-filing Party shall notify the Filing Party of its position in writing (the "Notice") within 24-hours of becoming aware of the issue.  If the Non-Filing Party and Filing Party are not able to resolve their dispute as to whether the filed information is "EXPORT-CONTROL-RESTRICTED" or "OPSEC-RESTRICTED" within 24-hours following the receipt of the Notice, counsel for the Non-filing Party may apply to the Court, on proper notice to counsel for the Filing Party, for an emergency order resolving the dispute. Prior to the Court's ruling, the documents, things or information in question shall be re-filed as HSDs and removed from the

public CM/ECF system. The burden of proving entitlement to "EXPORT-CONTROL-RESTRICTED" or "OPSEC-RESTRICTED" treatment for any document, thing or information shall remain at all times with the Non-Filing Party.

11.     **No Waiver Of Privilege:** The Parties acknowledge that documents or other information produced in this action may be voluminous, and accordingly, a possibility exists that a Party may produce PRIVILEGED Information. Any such disclosure or production by any of the Parties of any information and/or documentation in discovery shall not be considered a waiver of any privileges and/or immunities and shall be considered "inadvertent" under Federal Rule of Evidence 502. Notwithstanding any law, rule of evidence, or rule of procedure to the contrary, any inadvertent disclosure of PRIVILEGED Information during discovery in this Litigation shall not constitute or be deemed a waiver or forfeiture—in this or any other federal, state, arbitration, or any other proceeding—of any claim of privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the PRIVILEGED Information and its subject matter, provided the Disclosing Party complies with the "Clawback Procedure" set forth in this Order. All other clawback requests or disputes regarding the disclosure of PRIVILEGED Information shall be resolved in accordance with applicable law, rules of evidence, and/or rules of procedure.

12.     **Clawback Procedure**: The Parties shall adhere to the following procedures relating to an assertion that documents or information, which has been disclosed is PRIVILEGED Information:

    a.     If the Disclosing Party inadvertently discloses or produces information in connection with the pending Litigation, that the Disclosing Party thereafter claims to be protected by the attorney-client privilege, attorney-work product, or other protection ("PRIVILEGED Information"), within 7 business days after discovering

        that PRIVILEGED Information has been disclosed, the Disclosing Party shall provide written notice to the Receiving Party that identifies with reasonable particularity the PRIVILEGED Information ("PRIVILEGED Information Notice") that has been produced. Oral notice is sufficient to assert a privilege or protection, but only if disclosure of PRIVILEGED Information is discovered at a hearing or deposition.

b.      Upon receipt of a PRIVILEGED Information Notice, the Receiving Party must either, at the Disclosing Party's option, return or destroy the produced PRIVILEGED Information, except that the Receiving Party may retain and use such material for the limited purpose of challenging in Court the request for the return of the material. The Receiving Party may not thereafter otherwise rely upon, refer to, or consider any information gleaned from the PRIVILEGED Information unless and until a claim of privilege or protection is resolved by the Parties or the Court permits the Receiving Party to maintain and use the information at issue. The Receiving Party also must promptly notify all persons (including experts and other consultants) who were provided information designated as PRIVILEGED Information by the Receiving Party. Further, the Receiving Party must instruct such third parties that they are required to destroy or return the PRIVILEGED Information and not thereafter copy, rely upon, refer to, or otherwise consider any information gleaned from the PRIVILEGED Information unless and until the claim of privilege or protection is resolved by the Parties or the Court permits such third-parties to maintain and use the information at issue. To the extent that information contained in a document or other discovery material subject to a claim of privilege

      or immunity already has been used in, or described in, documents generated or maintained by the Receiving Party or other third parties, then the Receiving Party and the third-parties shall immediately take all reasonable steps to sequester and replace such generated documents with documents removing the information subject to the claim of privilege or immunity.

c.   When a Party receives information that it reasonably believes is PRIVILEGED Information during its own review of the documents produced, the Receiving Party shall promptly notify the Disclosing Party of such production.

d.   Should the Receiving Party dispute the Disclosing Party's claim of a privilege or protection over a document that has been produced, then, the Receiving Party shall, within 7 business days of receipt of the PRIVILEGED Information Notice, submit to the Disclosing Party a written statement objecting to the Disclosing Party's assertion of a privilege or protection and explaining its position why the claim of privilege or protection is disputed ("Designation Dispute Notice"). Any objection to the Disclosing Party's designation that is not asserted in writing to the Disclosing Party within 7 business days shall be waived absent a showing of good cause for the failure to timely raise the objection.

e.   Following transmittal of a Designation Dispute Notice, the parties shall meet and confer in a good-faith attempt to resolve the dispute. If the parties are not able to resolve the dispute, either Party may petition the Court for a ruling on the designation of PRIVILEGED Information or the objection(s) asserted in the Designation Dispute Notice.

f.   Prior to resolution of any dispute by the Court, the Receiving Party shall treat the

PRIVILEGED Information as privileged according to the Disclosing Party's designation.

13. **No Effect on Disclosing Party's Information:** This Order has no effect upon, and its scope shall not extend to, the use by a Disclosing Party of its own documents or information.

14. **No Bar to Legal Advice:** Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice with respect to this Litigation and, in the course thereof, from generally referring to or relying upon the attorney's examination or receipt of CONFIDENTIAL or ATTORNEYS' EYES-ONLY information. In rendering such advice or in otherwise communicating, the attorney shall not disclose the specific content of any information, document, or thing designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, unless such disclosure is otherwise permitted under the terms of this Order.

15. **Disclosure of Order to Third Parties**: The existence of this Order shall be disclosed to any non-party producing documents, things, or information in this action who may reasonably be expected to desire CONFIDENTIAL or ATTORNEYS' EYES ONLY treatment or require EXPORT-CONTROL-RESTRICTED or OPSEC-RESTRICTED treatment for such documents, things, or information. Any such non-party may designate documents, things, or information as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," and/or "EXPORT-CONTROL-RESTRICTED" and/or OPSEC-RESTRICTED pursuant to this Order, and the protections of this Order shall be construed to apply equally to such designating non-parties.

16. **Computation of Time:** All time periods in this Order shall be determined under Fed. R. Civ. P. 6.

17. **Return or Destruction:** Upon termination of the Litigation or other resolution of all disputes between the Parties relating to this Litigation, all copies of the Disclosed Information

including, but not limited to, material contained on diskettes, thumb drives, databases or hard drives, must be destroyed upon conditions mutually agreeable to the Parties.

18. **Other Obligations:** Nothing contained herein shall affect any obligations of any party under any other agreement or applicable law with respect to any documents, things or information belonging to or acquired from any other party.

19. **Consent to Jurisdiction of the Court:** Any person, by signing this Order, or agreeing to be bound by its terms, agrees to submit to the jurisdiction of the Court in which the Litigation is pending solely for the enforcement of the Order or for the determination of injunctive relief, damages or other relief that the Court may deem proper as a result of its breach.

20. **Severability:** The invalidity or unenforceability of any provisions of this Order shall not affect the validity or enforceability of any other provision of this Order, which shall remain in full force and effect.

21. **Survival:** This Order shall survive the final adjudication of this Litigation (including any appellate proceedings), with the Court retaining jurisdiction to enforce the provisions thereof.

It is so **ORDERED**

Entered: January 20, 2022

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division**

| | |
|---|---|
| **BAE SYSTEMS ORDNANCE SYSTEMS, INC.** | ) ) ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 7:20-CV-00587-MFU-RSB ) ) |
| **FLUOR FEDERAL SOLUTIONS, LLC** | ) ) |
| **Defendant.** | ) ) ) |

## EXHIBIT A

## UNDERSTANDING AND AGREEMENT
## TO BE BOUND BY STIPULATED PROTECTIVE ORDER

This is to certify that the undersigned has read, understands and is fully familiar with the provisions of the Stipulated Protective Order entered by the Court in the above-captioned litigation ("Order").

As a condition precedent to my examination of any material subject to the Order or by obtaining any information contained in said material, the undersigned hereby agrees that said Order shall be deemed to be directed and shall include the undersigned, and the undersigned shall observe and comply with the provisions of said Order.

Signature:_____

Printed Name:_____

Date: _____

18

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division**

| | |
|---|---|
| **BAE SYSTEMS ORDNANCE SYSTEMS, INC.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) Civil Action No. 7:20-CV-00587-MFU-RSB | |
| **v.** ) | |
| ) | |
| **FLUOR FEDERAL SOLUTIONS, LLC** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

## EXHIBIT B

## EXPORT CONTROL ACKNOWLEDGEMENT

I have read and received a copy of the Protective Order entered in the lawsuit titled BAE Systems Ordnance Systems, Inc. v. Fluor Federal Solutions, LLC, Case No. 7:20-CV-00587-MFU-RSB. I attest that I have read the Protective Order issued in this matter and that I will abide by all of its terms.

I attest that I am a U.S. Person as defined in 22 C.F.R. § 120.15, I have not been indicated or otherwise charged with violating the criminal statutes enumerated in 22 C.F.R. §§ 120.27 and am not named on any restricted list or any denied party/individual, entity list maintained by any government agency that would disqualify me from receiving Export-Controlled Information.

I attest that I am qualified under all U.S. Export Laws to receive Export-Controlled Information as set forth in this Protective Order and that I will comply with all Export Control Laws with regard to the receipt and handling of any materials designated as Export-Controlled.

I hereby agree that I will not disclose any Export-Controlled Information or materials to any person unless authorized by this Order and Export Control laws.

I further agree to store Export-Controlled Information in a manner such that access is restricted only to persons authorized by this Order.

I agree not to transport or transmit any Export-Controlled Information outside of the United States.

As a condition of receiving or accessing Export-Controlled Information, I agree and consent to be subject to the jurisdiction of the United States District Court of the Western District of Virginia with respect to the enforcement of the provisions of the Protective Order.

Printed Name:_____

Business Address:_____

City and State of Residence:_____

Date:_____

Signature: _____