**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

| | |
|---|---|
| **BAE SYSTEMS ORDNANCE SYSTEMS, INC.** ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 7:20-CV-00587-MFU** |
| ) | |
| **v.** ) | |
| ) | |
| **FLUOR FEDERAL SOLUTIONS, LLC** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**NONPARTY THOMAS D'AGOSTINO'S BRIEF IN SUPPORT OF**
**MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION**
**OR TO ISSUE A PROTECTIVE ORDER**

COMES NOW nonparty Thomas D'Agostino, by counsel, and for his Motion to Quash Subpoena to Testify at a Deposition or to Issue a Protective Order under Federal Rules of Civil Procedure (Fed. R. Civ. P.) 26 and 45, and would show this Court that the benefit to BAE of deposing Mr. D'Agostino, particularly at this time, does not outweigh the burden on Mr. D'Agostino, such that the Court should quash the subpoena or enter a protective order postponing the deposition. Doing so would be in the interest of justice in that it would allow Mr. D'Agostino— who is the President of Fluor Government Group and an apex witness—the opportunity to adequately prepare for his testimony and to potentially resolve certain Fifth Amendment issues.

I.   **INTRODUCTION**

On November 14, 2022, BAE Systems Ordnance Systems, Inc. ("BAE" or "Plaintiff") served a Subpoena to Testify at a Deposition in a Civil Action ("Subpoena") on Mr. D'Agostino. Mr. D'Agostino's deposition is currently scheduled for December 20, 2022. It is Mr. D'Agostino's

understanding that the subject matter of his examination will be events surrounding a Fluor project with which he was associated over seven years ago.

Subsequent to service of the Subpoena, and while preparing Mr. D'Agostino for his testimony, counsel for Mr. D'Agostino learned that Plaintiff may have withheld from production to Fluor Federal Solutions, LLC ("Fluor" or "Defendant") or wrongfully designated as "Attorney's Eyes Only" 195,000 records that may be directly relevant to the subject matter of Mr. D'Agostino's testimony.  In addition to limiting Mr. D'Agostino's ability to appropriately prepare, access to these relevant documents is also necessary for Mr. D'Agostino to fully evaluate Fifth Amendment implications.  Mr. D'Agostino is aware of a United States Department of Justice ("DOJ") criminal investigation into the project about which he is to testify.  The undersigned counsel has been made aware, through conversations with DOJ attorneys, that the DOJ investigation includes a review of Mr. D'Agostino's role in the project at issue.  Absent the documents that BAE is apparently withholding from discovery—which, based upon representations of Fluor's counsel, appear to be non-privileged and relevant—Mr. D'Agostino is unable to assess fully the Fifth Amendment implications associated with his examination under oath by counsel for BAE.

Mr. D'Agostino, through counsel, informed Plaintiff that Mr. D'Agostino's Fifth Amendment concerns may be resolved independent of this matter prior to the close of fact discovery, thereby substantially increasing the likelihood that Mr. D'Agostino may be able to provide substantive testimony at a later date.  Nevertheless, BAE's counsel refuses to move his deposition, despite no discernible prejudice.  It appears, therefore, that Plaintiff's behavior is intended to secure an adverse inference, rather than to gather new or otherwise necessary factual information.

Finally, Plaintiff has made no discernible effort to obtain the information and/or testimony it purports to require from Mr. D'Agostino, an apex witness, through less intrusive means, including depositions of lower-level Fluor employees.

The interests of justice are better served by the creation of a fulsome factual record based on substantive testimony, which may be possible if Mr. D'Agostino's deposition is postponed and/or others with firsthand knowledge of the facts at issue in this case can provide BAE with the information it claims it needs. Accordingly, Mr. D'Agostino respectfully moves this Court to issue an order quashing or modifying the subpoena or, in the alternative, to issue a protective order rescheduling the deposition for a later date.

## II.   <u>ARGUMENT OF LAW</u>

Under the Federal Rules of Civil Procedure, civil discovery is limited to matters or information that is "relevant to any party's claim or defense" and that is "proportional to the needs of the case." Fed. R. Civ. P 26(b). When discovery is sought from nonparties, the scope of permissible discovery is limited even further, as there is a "different set of expectations" from the parties themselves. *Virginia Dep't of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). Unless a nonparty "can offer important information that cannot be obtained from the party directly, there would be no cause for a subpoena." *Id.* This means that a "more demanding variant of the proportionality analysis therefore applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified." *Id.* (citing Fed. R. Civ. P. 45(d)(3)(A)(iv)).

The ultimate question that the court must consider is whether "the benefits of discovery to the requesting party outweighs the burdens on the recipient." *Id.* (citing *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018)). This balancing test tends to favor the issuer of a

subpoena when compliance would gather relevant and necessary material that is not available from any other source. *See* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2463.1, at 501-06 (3d ed. Oct. 20, 2022).  In balancing the benefits and burdens, the Court may consider "the interests of the recipient of the subpoena, as well as others who might be affected." *Virginia Dep't of Corrections*, 921 F.3d at 190.

Here, the benefit to BAE of deposing Mr. D'Agostino, particularly at this time, does not outweigh the burden on both Mr. D'Agostino and Defendant—unless it is being used tactically to obtain an adverse inference.  Given the sheer volume of documents Plaintiff withheld and classified as "Attorney's Eyes Only," Mr. D'Agostino does not have sufficient information to prepare to testify regarding events that occurred seven years ago.  These documents are also critical in Mr. D'Agostino's overall Fifth Amendment evaluation.  And if Mr. D'Agostino invokes his Fifth Amendment privilege, Fluor stands to suffer from a potentially unnecessary adverse inference—also a heavy burden.

Notably, BAE does not stand to benefit by deposing Mr. D'Agostino on the currently scheduled date—assuming its prerogative is to obtain meaningful testimony relevant to its case— nor has BAE demonstrated any tangible prejudice to postponing the deposition to closer to the end of fact discovery when Mr. D'Agostino expects to have more clarity regarding whether he will be required to assert this important constitutional right—both because of clarity Mr. D'Agostino expects to receive from the DOJ concerning his status in their investigation over the coming months, and because BAE will have (presumably) complied with its document discovery obligations.  Furthermore, BAE scheduled the deposition of Mr. D'Agostino, an apex witness, at the beginning of the fact discovery period and with no discernible effort to obtain the information and/or testimony it purports to require from Mr. D'Agostino through less intrusive means,

including depositions of lower-level Fluor employees who may be better suited to testify regarding the facts at issue.

In sum, the burdens on Mr. D'Agostino far outweigh the benefits, if any, to BAE in moving forward with Mr. D'Agostino's deposition.  BAE can obtain the testimony it seeks from other Fluor employees with firsthand knowledge of the issues, or alternatively, would not be prejudiced by postponing Mr. D'Agostino's deposition to a later date.

Federal Rule of Civil Procedure 26(c) provides this court with the power to issue orders that are crafted to protect witnesses who in good faith have "conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c). The rules permit this Court to fashion an individualized remedy that includes specifying "terms, including time and place" for the purposes of protecting parties from annoyance, embarrassment, oppression or undue burden or expense. *Id*.

Here, Plaintiff has ample time to obtain relevant information through discovery in this matter.  There is no good faith reason that Plaintiff should be allowed to demand Mr. D'Agostino to present himself at this stage of the discovery process, knowing that the timing and his inability to review pertinent documents will almost certainly force him to assert his Fifth Amendment rights. This result would not serve the Court, or any legitimate interest of the Plaintiff for that matter, and would only tend to harass Mr. D'Agostino.  As such, for the reasons set forth in this memorandum, the Court should quash the Subpoena or enter a protective order postponing the deposition to afford Mr. D'Agostino with a better opportunity to present substantive information.

## III.   <u>MEET AND CONFER CERTIFICATION</u>

Counsel for nonparty Mr. D'Agostino certifies that they have in good faith attempted to confer with Plaintiff's counsel to resolve this dispute without court action and are still willing to do so.  Such efforts have failed.

## IV.   <u>CONCLUSION</u>

In accordance with the arguments presented above, Mr. D'Agostino, by counsel, respectfully moves this court to quash or modify the subpoena for deposition testimony issued on November 14, 2022, or in the alternative, to issue a protective order moving the deposition to a point later in the discovery window.

Dated: December 15, 2022

Respectfully submitted,

/s/ _____
Benjamin G. Chew (VSB # 29113)
BROWN RUDNICK LLP
601 Thirteenth Street NW, Suite 600
Washington, DC 20005
Telephone: (202) 536-1700
Email: bchew@brownrudnick.com

*Attorneys for Non-Party Thomas D'Agostino*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of December, 2022, a copy of the foregoing was delivered via the CM/ECF system to the following:

Todd M. Conley
Jeffrey J. Golimowski
WOMBLE BOND DICKINSON (US) LLP
8350 Broad Street, Suite 1500
Tysons, Virginia 22102
Telephone: (703) 394-2275
Email: todd.conley@wbd-us.com
Email: jeff.golimowski@wbd-us.com

Joshua R. Treece (VSB #79149)
Justin E. Simmons (VSB # 77319)
WOODS ROGERS PLC
10 South Jefferson Street, Suite 1400
Roanoke, Virginia 24011
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
Email: barnhill@woodsrogers.com
Email: jtreece@woodsrogers.com
Email: jsimmons@woodsrogers.com

Karen M. Stemland (VSB #47167)
WOODS ROGERS PLC
123 East Main Street, 5th Floor
Charlottesville, Virginia 22902
Telephone: (434) 220-6826
Facsimile: (434) 566-0473
Email: kstemland@woodsrogers.com

*Attorneys for BAE Systems Ordnance Systems, Inc.*

Respectfully submitted,

/s/
Benjamin G. Chew (VSB # 29113)