IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| **BAE SYSTEMS ORDNANCE SYSTEMS, INC.** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**FLUOR FEDERAL SOLUTIONS, LLC** )<br>)<br>**Defendant.** )<br>) | Civil Action No. 7:20-CV-00587-MFU-RSB |

**FLUOR FEDERAL SOLUTIONS, LLC'S BRIEF IN SUPPORT OF MOTION TO QUASH THOMAS D'AGOSTINO SUBPOENA TO TESTIFY AT A DEPOSITION AND NOTICE OF DEPOSITION, OR TO ISSUE A PROTECTIVE ORDER**

Fluor Federal Solutions, LLC ("Fluor"), by counsel, and for its Motion to Quash Subpoena to Testify at a Deposition and Notice of Deposition, or to Issue a Protective Order under Federal Rules of Civil Procedure (Fed. R. Civ. P.) 26 and 45, and would show this Court that the benefit to BAE of deposing Mr. D'Agostino, particularly at this time, does not outweigh the burden to Fluor in the form of undue prejudice, such that the Court should quash the subpoena and Notice or enter a protective order postponing the deposition. Doing so would be in the interest of justice in that it would allow Mr. D'Agostino— who is the President of Fluor Mission Solutions[1] and an apex witness—the opportunity to overcome BAE discovery abuses and adequately prepare for his testimony.

**I.      INTRODUCTION**

On November 14, 2022, BAE Systems Ordnance Systems, Inc. ("BAE" or "Plaintiff") served a Subpoena to Testify at a Deposition in a Civil Action ("Subpoena") on Mr. D'Agostino.

---

[1] Fluor Missions Solutions was previously named the Fluor Government Group

1

BAE also noticed his deposition on the same day ("Notice"). Mr. D'Agostino's deposition is currently scheduled next week on December 20, 2022. The close of discovery, however, is not until April 7, 2023. The subject matter of the examination will be events surrounding a Fluor project which Mr. D'Agostino was associated with over seven years ago.

Subsequent to service of the Subpoena and Notice, counsel for Fluor learned that Plaintiff BAE has wrongfully withheld from production to Fluor or wrongfully designated as "Attorney's Eyes Only" 216,000 records. This improper withholding of records has severely compromised Fluor's ability to appropriately prepare for this deposition. Absent the documents that BAE is withholding from discovery—which may be non-privileged and relevant—Mr. D'Agostino is unable to refresh his recollection of nearly decade old events before his examination under oath by counsel for BAE.

Fluor, through counsel, informed Plaintiff that Mr. D'Agostino's deposition should be postponed to a later date in discovery, to allow fulsome document production. The close of fact discovery is not until April 7, 2023, thereby substantially increasing the likelihood that Mr. D'Agostino may be able to provide substantive testimony at a later date. Nevertheless, BAE's counsel refuses to move his deposition, despite no discernible prejudice. It appears, therefore, that Plaintiff's behavior is intended to take advantage of its current discovery abuses, rather than to gather new or otherwise necessary factual information.

Further, Plaintiff has made no discernible effort to obtain the information and/or testimony it purports to require from Mr. D'Agostino, an apex witness, through less intrusive means, including depositions of lower-level Fluor employees.

The interests of justice are better served by the creation of a fulsome factual record based on substantive testimony, which will be possible if Mr. D'Agostino's deposition is postponed to

allow document discovery and/or others with firsthand knowledge of the facts at issue in this case can provide BAE with the information it claims it needs. Accordingly, Fluor respectfully moves this Court to issue an order quashing or modifying the subpoena and Notice or, in the alternative, to issue a protective order rescheduling the deposition for a later date.

## II.     ARGUMENT OF LAW

Under the Federal Rules of Civil Procedure, civil discovery is limited to matters or information that is "relevant to any party's claim or defense" and that is "proportional to the needs of the case." Fed. R. Civ. P 26(b). When discovery is sought from nonparties, the scope of permissible discovery is limited even further, as there is a "different set of expectations" from the parties themselves. *Virginia Dep't of Corrections v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). Unless a nonparty "can offer important information that cannot be obtained from the party directly, there would be no cause for a subpoena." *Id*. This means that a "more demanding variant of the proportionality analysis therefore applies when determining whether, under Rule 45, a subpoena issued against a nonparty 'subjects a person to undue burden' and must be quashed or modified." *Id*. (citing Fed. R. Civ. P. 45(d)(3)(A)(iv)).

The ultimate question that the court must consider is whether "the benefits of discovery to the requesting party outweighs the burdens on the recipient." *Id*. (citing *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018)). This balancing test tends to favor the issuer of a subpoena when compliance would gather relevant and necessary material that is not available from any other source. *See* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2463.1, at 501-06 (3d ed. Oct. 20, 2022). In balancing the benefits and burdens, the Court may consider "the interests of the recipient of the

subpoena, as well as others who might be affected." *Virginia Dep't of Corrections*, 921 F.3d at 190.

Here, the benefit to BAE of deposing Mr. D'Agostino, particularly at this time, does not outweigh the burden on both Mr. D'Agostino and Fluor. Given the sheer volume of documents Plaintiff withheld and classified as "Attorney's Eyes Only," Mr. D'Agostino does not have sufficient information to prepare to testify regarding events that occurred over seven years ago.

Notably, BAE does not stand to benefit by deposing Mr. D'Agostino on the currently scheduled date—assuming its prerogative is to obtain meaningful testimony relevant to its case— nor has BAE demonstrated any prejudice to postponing the deposition to closer to the end of fact discovery when Mr. D'Agostino expects to have more clarity regarding historical events because BAE will have (presumably) complied with its document discovery obligations. Furthermore, BAE scheduled the deposition of Mr. D'Agostino, an apex witness, at the beginning of the fact discovery period and with no discernible effort to obtain the information and/or testimony it purports to require from Mr. D'Agostino through less intrusive means, including depositions of lower-level Fluor employees who may be better suited to testify regarding the facts at issue.

In sum, the burdens on Fluor far outweigh the benefits, if any, to BAE in moving forward with Mr. D'Agostino's deposition. BAE can obtain the testimony it seeks from other Fluor employees with firsthand knowledge of the issues, or alternatively, would not be prejudiced by postponing Mr. D'Agostino's deposition to a later date.

Federal Rule of Civil Procedure 26(c) provides this court with the power to issue orders that are crafted to protect witnesses who in good faith have "conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ.

P. 26(c). The rules permit this Court to fashion an individualized remedy that includes specifying "terms, including time and place" for the purposes of protecting parties from annoyance, embarrassment, oppression or undue burden or expense. *Id.*

Here, Plaintiff has ample time to obtain relevant information through discovery in this matter. There is no good faith reason that Plaintiff should be allowed to demand Mr. D'Agostino to present himself at this stage of the discovery process, knowing that the timing and his inability to review pertinent documents will almost certainly prejudice efforts to clarify his historical recollection. This result would not serve the Court, or any legitimate interest of the Plaintiff for that matter and would only prejudice Fluor. As such, for the reasons set forth in this memorandum, the Court should quash the Subpoena and Notice or enter a protective order postponing the deposition to afford Mr. D'Agostino with a better opportunity to present substantive information.

Counsel for Fluor has in good faith attempted to confer with Plaintiff's counsel to resolve this dispute without court action and are still willing to do so. Such efforts have failed. *See* Exhibits 1, 2 and 3.

### III. CONCLUSION

In accordance with the arguments presented above, Fluor, by counsel, respectfully moves this court to quash or modify the subpoena and Notice for deposition testimony issued on November 14, 2022, or in the alternative, to issue a protective order moving the deposition to a point later in the discovery window to allow BAE an opportunity to cure its discovery abuses.

Dated: December 16, 2022

Respectfully submitted,

s/ Scott P. Fitzsimmons
Scott P. Fitzsimmons, Esq. (VSB 68147)
Kathleen O. Barnes, Esq. (VSB 30451)
Brandon K. Regan, Esq. (VSB 97976)
WATT, TIEDER, HOFFAR
& FITZGERALD, LLP
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1000
Fax: (703) 893-8029
sfitzsimmons@watttieder.com
kbarnes@watttieder.com
bregan@watttieder.com

*Attorneys for Fluor Federal Solutions, LLC*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 16th day of December 2022, a copy of the foregoing was delivered via the CM/ECF system to the following:

    Todd M. Conley
    Jeffrey J. Golimowski
    WOMBLE BOND DICKINSON (US) LLP
    8350 Broad Street, Suite 1500
    Tysons, Virginia 22102
    Telephone: (703) 394-2275
    Email: todd.conley@wbd-us.com
    Email: jeff.golimowski@wbd-us.com

    Joshua R. Treece (VSB #79149)
    WOODS ROGERS PLC
    10 South Jefferson Street, Suite 1400
    Roanoke, Virginia 24011
    Telephone: (540) 983-7600
    Facsimile: (540) 983-7711
    Email: jtreece@woodsrogers.com

    Karen M. Stemland (VSB #47167)
    WOODS ROGERS PLC
    125 Main Street, 5th Floor
    Charlottesville, Virginia 22901
    Telephone: (434) 220-6826
    Facsimile: (434) 566-0473
    Email: kstemland@woodsrogers.com

    *Attorneys for BAE Systems Ordnance Systems, Inc.*

                              Respectfully submitted,

                              s/ Scott P. Fitzsimmons
                              Scott P. Fitzsimmons (VSB 68147)
                              WATT, TIEDER, HOFFAR
                              & FITZGERALD, LLP
                              1765 Greensboro Station Place, Suite 1000
                              McLean, Virginia 22102
                              Tel: (703) 749-1000
                              Fax: (703) 893-8029
                              sfitzsimmons@watttieder.com

                              *Attorney for Fluor Federal Solutions, LLC*