**From:** Scott Fitzsimmons
**Sent:** Friday, December 9, 2022 3:03:27 PM
**To:** Simmons, Justin <Justin.Simmons@wrvblaw.com>; Treece, Joshua <jtreece@woodsrogers.com>; Stemland, Karen <kstemland@woodsrogers.com>
**Cc:** Kathy Barnes <kbarnes@watttieder.com>; Brandon Regan <bregan@watttieder.com>; Edward Parrott <eparrott@watttieder.com>
**Subject:** BAE's Improper Redactions and Discovery Deficiencies

Josh –

Thank you for sending the below. Please see the attached letter. As set forth therein, BAE has improperly withheld or wrongfully designated **195,000** records. By contrast, Fluor redacted only 2700 documents, designated 1100 as AEO, and had 8000 on its privilege log.

In light of the inexplicable disparity between Fluor and BAE's production, we cannot agree to your proposal. As you know, the parties met and conferred on Monday, December 5 regarding BAE's improper withholding of relevant and responsive documents. Yet, we are scheduled to depose Mr. Wolf on December 12, Judith Eastwood on December 15, and Kelly Bate on December 16, and BAE has not sent us any documents that you independently determined should be produced. Also, your proposal will require Fluor to still review BAE's 195,000 improperly redacted, designated, or withheld records. Your proposal also suggests that Fluor must wait until one (1) business day before the Wolfe, Eastwood, and Bate depositions to learn whether BAE will produce any document that has been improperly withheld.

Collectively, BAE's actions have severely prejudiced Fluor's ability to prepare for depositions and for this litigation. BAE's improperly designated AEO documents prevents Fluor from seeking technical assistance from Fluor's Project personnel related to assertions set forth in the records. For example, Ms. Bate has over 2500 documents on BAE's privilege log. Mr. Wolf is the Director of Engineering and BAE designated **69,000** documents as AEO, many of which discuss technical aspects of, and deficiencies in Lauren's design. BAE's actions are also affecting Fluor's ability to prepare its witnesses for deposition for this litigation. We also asked for unredacted versions of documents for Mr. Wolfe by 3pm today, and BAE has not sent us any records.

BAE is using discovery to obtain an unfair advantage. As a result, we must reschedule the following depositions and allow the Court to put the discovery process back on equal footing:

Derek Wolfe
Kelly Bate



EXHIBIT 1

1

Tom D'Agostino
Judith Eastwood
Tom Moran

We suggest raising these issues with Judge Ballou during our hearing with him next Friday. It is our intention to contact him regarding these issues.

Scott P. Fitzsimmons | Senior Partner
**WATT, TIEDER, HOFFAR & FITZGERALD, LLP**
WASHINGTON D.C. METRO | IRVINE | BOSTON | CHICAGO | MIAMI
1765 Greensboro Station Pl., Suite 1000
Mclean, VA 22102 | **Bio**
p: 703-749-1081 | e: sfitzsimmons@watttieder.com
f: 703-893-8029 | w: www.watttieder.com


**From:** Treece, Joshua <Joshua.Treece@wrvblaw.com>
**Sent:** Thursday, December 8, 2022 9:31 PM
**To:** Scott Fitzsimmons <sfitzsimmons@watttieder.com>; Kathy Barnes <kbarnes@watttieder.com>; Brandon Regan <bregan@watttieder.com>; Edward Parrott <eparrott@watttieder.com>
**Cc:** Simmons, Justin <Justin.Simmons@wrvblaw.com>; Stemland, Karen <kstemland@woodsrogers.com>
**Subject:** Proposal Regarding Slipsheets and Redactions

~>>>Alert: This is an external email, USE CAUTION when opening attachments and links.<<<~

Scott & Kathy:

I am following up on our discussion regarding the parties' approach to slip sheeting and redactions. BAE believes the below is a reasonable approach to address witnesses to be deposed:

    1.    For depositions after next week, each party will re-review any slip sheeted/redacted document that hit on a search term, and provide any relevant material identified from the second look at least three days before the witnesses' deposition;

    2.    For witnesses being deposed next week, each party will endeavor to complete this process and provide any additional documents no later one business day before the deposition.

Please confirm this is acceptable.

Thanks,

Josh


**Joshua Treece**
Principal

**Woods Rogers Vandeventer Black PLC**
10 S. Jefferson Street, Suite 1800 | Roanoke, VA 24011
P (540) 983-7730 | F (540) 322-3885
joshua.treece@wrvblaw.com

**Woods Rogers and Vandeventer Black have merged!**
With offices spanning the Commonwealth, Woods Rogers Vandeventer Black will offer greater breadth and depth of legal talent and enhanced services for clients. Visit wrvblaw.com to learn more.

This email, including any attachments, may contain confidential or privileged information. If you are not the intended recipient, please advise by return email and delete immediately without reading or forwarding to others.



**WATT TIEDER**
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.

1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102

Telephone: 703-749-1000
Facsimile: 703-893-8029
www.watttieder.com

December 9, 2022

Scott P. Fitzsimmons
Senior Partner
sfitzsimmons@watttieder.com

**VIA EMAIL**

Justin Simmons, Principal
Woods Rogers Vandeventer Black PLC
10 S. Jefferson Street, Suite 1800
Roanoke, Virginia 24011

e-mail: jsimmons@woodsrogers.com

Re: **Notice to BAE of Production Deficiencies and Improper Use of "Attorneys Eyes Only" Designation**

Justin:

As discussed during the meet and confer held December 5, 2022, Fluor has **serious** concerns about BAE's discovery practices in this case. As explained during that call, and in further detail below, the gravity of BAE's deficiencies has reached the point where Fluor is unable to meaningfully prepare for and/or defend depositions.

I. **BAE'S Privilege Log is Deficient and Contains Clearly Non-Privileged Records**

BAE's privilege log contains more than **84,000** documents. Contrarily, Fluor's privilege log contains **8,400** documents. This disparity is glaring. Even a cursory review of BAE's log reveals extreme deficiencies in the manner in which BAE designated its records as privileged. For example, BAE asserts privilege over e-mails that BAE exchanged with Fluor during the Project. BAE also asserts privilege over its communications with the Government, with Lauren, and with Burns and McDonnell. We recognize that BAE seeks to conceal its communications with the Government, and that those records are injurious to BAE. The Federal Rules, however, do not authorize BAE to withhold records simply because they fail to support BAE's theory of the case. BAE simply has no basis to assert privilege over these communications.

On December 5, 2022, Fluor and BAE met and coffered on these issues, to include BAE's improper withholding of nearly 3,000 non-privileged, responsive, and relevant documents. Included in that letter was a spreadsheet identifying the improperly withheld documents. These challenges were identified during Fluor's initial review of BAE's privilege log; and Fluor anticipates many more challenges to follow.

What has become clear to Fluor is that BAE is using the privilege log as a means to prejudice Fluor's ability to conduct discovery in this case. BAE appears intent to withhold documents injurious to BAE's case. BAE's failure to produce these documents has severely


EXHIBIT 2

J. Simmons
Woods Rogers
December 9, 2022
Page 2

prejudiced Fluor's ability to prepare for, take, or defend, depositions in this matter. We requested a response to that letter by <u>tomorrow, December 9</u>, and look forward to BAE's production of its improperly withheld records. Fluor expects to challenge additional records. Meanwhile, Fluor requests that BAE independently review its privilege log and **immediately** produce any record that was improperly withheld.

II.     <u>BAE Improperly Redacted and Withheld Thousands of Relevant Project Records</u>

BAE has withheld more than **62,000** documents by creating slipsheets marked as "Document Withheld as Not Relevant."[1] Contrarily, Fluor redacted 2,700 documents. BAE's production of these slipsheets artificially inflated BAE's document production numbers. More importantly, Fluor previously identified a litany of documents BAE marked as non-responsive that were, in fact, responsive and relevant.[2] In doing so, Fluor was forced to bear the burden, and expense, of identifying which of BAE's <u>own documents</u> were improperly withheld <u>by BAE</u> at a time when we should have been able to review those documents in preparation for depositions.

It is now clear that the method BAE employed to review and designate documents as "non-responsive" was flawed and requires immediate correction. It is neither reasonable, nor practical, to expect Fluor to review 62,000 BAE documents to identify every single improperly withheld document. Fluor, therefore, requests that BAE independently review its records and produce all documents improperly designated by **December 15, 2022**. BAE's actions have severely prejudiced Fluor's ability to prepare for, take, and defend, depositions in this matter.

III.    <u>BAE Has Improperly Applied the "Attorney's Eye's Only" Designation</u>

Finally, Fluor has identified severe deficiencies in BAE's designation of documents as "Attorney's Eyes Only" (AEO). BAE marked **49,765** documents as AEO. Fluor designated 1,109 documents as AEO. No rational or legitimate justification exists to support this disparity. The protective order governing discovery in this case defines AEO information as follows:

> Highly confidential information that a party believes, in good faith, warrants protection over and above the protections afforded information designated CONFIDENTIAL that would create a substantial risk of serious competitive, commercial or other harm and contains non-public, sensitive, competitive business information, including but not limited to, bids, bidding strategies, financial forecasts, financial projections, business or marketing plans or studies or models, asset valuations, proposed transactions or similarly highly confidential and competitive commercial, financial, or business information may be marked

---

[1] BAE argues a distinction between "redactions" and "slipsheets." The redactions employed by Fluor, however, allow BAE to review a document to gain a baseline understanding of the topic. Contrarily, BAE's slipsheets prevent Fluor from performing <u>any</u> analysis on the document..

[2] On November 30, 2022, in response to a letter from Fluor, BAE produced several documents for Wade Anderson that were previously marked "Not Relevant." On December 2, 2022, Fluor notified BAE again of specific documents that were improperly withheld from Fluor concerning Mark Signorelli. In response, BAE produced documents, thereby acknowledging their relevance.

J. Simmons
Woods Rogers
December 9, 2022
Page 3

        ATTORNEY'S EYES ONLY. Copies or excerpts of information contained within, or summaries, notes or charts containing any information from, a document or thing designated as ATTORNEYS' EYES ONLY may also be designated as ATTORNEY'S EYES ONLY information.

    Even a brief review of BAE's AEO documents reveals that BAE over-designated thousands of records in contradiction of the Protective Order. and employed no meaningful analysis of its AEO designations. For example, BAE designated documents between Fluor and BAE, calendar invites[3], and direct correspondence between BAE and Fluor[4] all as AEO.

    Not surprisingly, many of BAE's over-designations were made on those documents that are most injurious to BAE's case, to include:

- BAE correspondence in October 2014 documenting deficiencies in Lauren's performance, to include the Lauren design (BAE_RAD0122340/41, "Lauren Discussion Points for Earl").

- BAE correspondence in February 2015, again documenting deficiencies with the Lauren design (BAE_RAD0121328, "Additional Review of LEC Drawings").

- BAE correspondence with the Army concerning Fluor LSCA analysis and AHJ approvals (BAE1524627, "Life Safety Analysis from Fluor" with handwritten comments from Army representatives).

    Again, Fluor discovered these documents after an initial review of BAE's production. BAE intentionally designated these documents ad AEO and now expects Fluor to incur the time and expense identifying BAE's gross deficiencies. Yet, that requirement lies squarely with BAE.

    Paragraph 10 of the Protective Order imposes the burden of proving AEO designation on the designating party – **here, that is BAE**. PO, ¶ 10 ("[t]he burden of proving entitlement to CONFIDENTIAL or ATTORNEYS' EYES ONLY treatment for any document, thing or information shall remain at all times with the Disclosing Party."). Until BAE remedies this deficiency, Fluor's ability to prepare for, take, or defend depositions is seriously prejudiced. Therefore, Fluor requests that BAE review all documents previously designated as AEO, remove the AEO designation on documents where the standard set forth in the Protective Order is not met, and re-produce all documents by **December 15, 2022.**

    The deficiencies identified above effect over **195,000** documents in this case. Fluor will not allow BAE to hinder or manipulate discovery or the deposition process. The parties held a meet and confer on Monday December 5 related to this matter. Please let us know by **Monday**

---

[3] See BAE_RAD2876292 ("NC Changes" Calendar Invite from Michael Dargel to Derek Wolfe for a meeting to "[d]iscuss PCN issues/NC change process."
[4] See BAE_RAD2769061/63 ("NCPF Plant- Nitration Building Process Design Delays")

J. Simmons
Woods Rogers
December 9, 2022
Page 4

**December 12 at noon** whether BAE is willing to independently review its records and produce all records that are improperly withheld on or before December 15, 2022.

  We look forward to your prompt response.

            Sincerely,

             s/
            Scott P. Fitzsimmons

| | |
|---|---|
| **From:** | Scott Fitzsimmons |
| **Sent:** | Thursday, December 15, 2022 5:48 PM |
| **To:** | Simmons, Justin; Kathy Barnes; Edward Parrott; Brandon Regan |
| **Cc:** | Conley, Todd; Golimowski, Jeff; Treece, Joshua; Stemland, Karen; Hollis, Jon |
| **Subject:** | RE: BAE v. Fluor - Case No. 7:20-CV-00587 - Letter re Fluor's Doc Production |

Justin –

In Mr. Hollis's letter to us he mentioned that Fluor had 6K documents that contained technical issues. Thank you for raising that issue. Our review of BAE's records reveals **21K** documents marked as technical issues and inaccessible.

This raises the number of troubled BAE records to 216,000.

Scott P. Fitzsimmons | Senior Partner
**WATT, TIEDER, HOFFAR & FITZGERALD, LLP**
WASHINGTON D.C. METRO | IRVINE | BOSTON | CHICAGO | MIAMI
1765 Greensboro Station Pl., Suite 1000
Mclean, VA 22102 | **Bio**
**p:** 703-749-1081 | **e:** sfitzsimmons@watttieder.com
**f:** 703-893-8029 | **w:** www.watttieder.com


**From:** Simmons, Justin <Justin.Simmons@wrvblaw.com>
**Sent:** Thursday, December 15, 2022 4:38 PM
**To:** Scott Fitzsimmons <sfitzsimmons@watttieder.com>; Kathy Barnes <kbarnes@watttieder.com>; Edward Parrott <eparrott@watttieder.com>; Brandon Regan <bregan@watttieder.com>
**Cc:** Conley, Todd <Todd.Conley@wbd-us.com>; Golimowski, Jeff <Jeff.Golimowski@wbd-us.com>; Treece, Joshua <Joshua.Treece@wrvblaw.com>; Stemland, Karen <Karen.Stemland@wrvblaw.com>; Hollis, Jon <Jon.Hollis@wrvblaw.com>
**Subject:** BAE v. Fluor - Case No. 7:20-CV-00587 - Letter re Fluor's Doc Production

~>>>Alert: This is an external email, USE CAUTION when opening attachments and links.<<<~

Good afternoon, counsel,

Please see the attached letter.

Best,

Justin


**Justin Simmons**
Principal

**Woods Rogers Vandeventer Black PLC**
10 S. Jefferson Street, Suite 1800 | Roanoke, VA 24011
**P** (540) 983-7795 | **F** (540) 983-7711
**justin.simmons@wrvblaw.com**

**Woods Rogers and Vandeventer Black have merged!**
*With offices spanning the Commonwealth, Woods Rogers Vandeventer Black will offer greater breadth and depth of legal talent and enhanced services for clients. Visit wrvblaw.com to learn more.*

1



This email, including any attachments, may contain confidential or privileged information. If you are not the intended recipient, please advise by return email and delete immediately without reading or forwarding to others.