# EXHIBIT 22

## Simmons, Justin

| | |
|---|---|
| **From:** | Kathy Barnes <kbarnes@watttieder.com> |
| **Sent:** | Monday, December 12, 2022 7:32 PM |
| **To:** | Simmons, Justin; Scott Fitzsimmons; Treece, Joshua; Stemland, Karen |
| **Cc:** | Brandon Regan; Edward Parrott |
| **Subject:** | RE: BAE's Improper Redactions and Discovery Deficiencies |

**\*\*EXTERNAL EMAIL\*\***

Justin-

As you saw from our filing with Judge Ballou, BAE is prejudicing Fluor in this case. BAE is able to take depositions while handicapping our ability by withholding 195,000 records. We will not allow BAE to prejudice our client in this action with impunity. As a result, Fluor will not produce Tom Moran (December 13) or Tom D'Agostino (December 19) for deposition.  For the reasons set forth in our December 9 email and the attached correspondence, BAE's dilatory discovery tactics have simply prevented Fluor from preparing to take or defend depositions.

As you know, Fluor has established that BAE is improperly withholding relevant and responsive documents, without cause, that are necessary to Fluor's prosecution of this case.  The parties met and conferred this past week regarding Fluor's valid discovery concerns.  In so doing, the parties discussed a process by which we would review our own productions and produce documents that should not have been withheld before scheduled depositions.  Characteristically, BAE refused to cooperate in any process that would resolve the prejudice to Fluor and instead proposed giving Fluor one business day to review records. BAE also has failed to provide any substantive response to Fluor's challenge to BAE's privilege log.

We asked BAE to confirm by noon today whether you would agree to independently review the 195,000 records being withheld. You have not responded to that request. In short, BAE has: (1) failed to respond to Fluor's privilege log challenges; (2) failed to agree to independently review its 195,000 withheld documents; and (3) failed to respond to our AEO inquiry. Fluor will not engage in months of challenges to require BAE to produce what are clearly the most relevant documents in this matter – the documents between BAE, the Army, and Lauren.

BAE's refusal to cooperate to resolve these discovery issues is disappointing, but not surprising.  Fluor cannot allow BAE to take whatever depositions it chooses while refusing to produce documents that are critical to Fluor's preparation and defense of the depositions.  Accordingly, Fluor has requested an informal discovery conference with the Court to resolve the discovery dispute between the parties.

We notified you that we are available the morning of Dec 19 to meet with Judge Ballou. Please let us know when you are available for a conference with the Court.

Best Regards,

*Kathleen Olden Barnes* | Senior Partner



WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P. 1765 Greensboro Station Place, Suite 1000 McLean VA 22102

**p:** 703-749-1000 | **e:** kbarnes@watttieder.com

---

**From:** Simmons, Justin <Justin.Simmons@wrvblaw.com>
**Sent:** Monday, December 12, 2022 10:08 AM
**To:** Scott Fitzsimmons <sfitzsimmons@watttieder.com>; Treece, Joshua <jtreece@woodsrogers.com>; Stemland, Karen <kstemland@woodsrogers.com>
**Cc:** Kathy Barnes <kbarnes@watttieder.com>; Brandon Regan <bregan@watttieder.com>; Edward Parrott <eparrott@watttieder.com>
**Subject:** RE: BAE's Improper Redactions and Discovery Deficiencies

~>>>Alert: This is an external email, USE CAUTION when opening attachments and links.<<<~

Good morning, Scott,

BAE has properly noticed the depositions of Thomas Moran and Thomas D'Agostino.  It has also subpoenaed Mr. D'Agostino for deposition based on Fluor's claim that it couldn't produce him.  Your attempt to unilaterally cancel these depositions is improper.  We'll go forward with the depositions as scheduled, and if Fluor fails to produce Mr. Moran or Mr. D'Agostino, or otherwise interferes in our attempt to take the depositions, then BAE will seek appropriate relief from the Court.

Fluor's claim that it can't prepare for the depositions of Messrs. Moran and D'Agostino because of alleged deficiencies in BAE's production is false and thus a mere pretext for cancelling the depositions.  As Fluor knows, the only party withholding information relevant to either Mr. Moran or Mr. D'Agostino is Fluor.  We've asked Fluor multiple times for the documents that have been improperly redacted/withheld, including most recently on Thursday, December 8, but Fluor has refused to do so.  Indeed, Fluor hasn't even acknowledged BAE's request.  In contrast, on three separate occasions, Fluor asked for slip-sheeted documents from BAE prior to depositions, and BAE provided them to Fluor within 24 hours.

I attach again for your reference the specific documents we've requested for Mr. Moran.  Please produce them by 5 p.m. today.

Best,

Justin


**Justin Simmons**
Principal

**Woods Rogers Vandeventer Black PLC**
10 S. Jefferson Street, Suite 1800 | Roanoke, VA 24011
**P** (540) 983-7795 | **F** (540) 983-7711
justin.simmons@wrvblaw.com

**Woods Rogers and Vandeventer Black have merged!**
*With offices spanning the Commonwealth, Woods Rogers Vandeventer Black will offer greater breadth and depth of legal talent and enhanced services for clients. Visit wrvblaw.com to learn more.*

This email, including any attachments, may contain confidential or privileged information. If you are not the intended recipient, please advise by return email and delete immediately without reading or forwarding to others.

**From:** Scott Fitzsimmons <sfitzsimmons@watttieder.com>
**Sent:** Friday, December 9, 2022 3:03 PM
**To:** Simmons, Justin <Justin.Simmons@wrvblaw.com>; Treece, Joshua <jtreece@woodsrogers.com>; Stemland, Karen <kstemland@woodsrogers.com>
**Cc:** Kathy Barnes <kbarnes@watttieder.com>; Brandon Regan <bregan@watttieder.com>; Edward Parrott <eparrott@watttieder.com>
**Subject:** BAE's Improper Redactions and Discovery Deficiencies

**EXTERNAL EMAIL****

Josh –

Thank you for sending the below. Please see the attached letter. As set forth therein, BAE has improperly withheld or wrongfully designated **195,000** records. By contrast, Fluor redacted only 2700 documents, designated 1100 as AEO, and had 8000 on its privilege log.

In light of the inexplicable disparity between Fluor and BAE's production, we cannot agree to your proposal. As you know, the parties met and conferred on Monday, December 5 regarding BAE's improper withholding of relevant and responsive documents. Yet, we are scheduled to depose Mr. Wolf on December 12, Judith Eastwood on December 15, and Kelly Bate on December 16, and BAE has not sent us any documents that you independently determined should be produced. Also, your proposal will require Fluor to still review BAE's 195,000  improperly redacted, designated, or withheld records. Your proposal also suggests that Fluor must wait until one (1) business day before the Wolfe, Eastwood, and Bate depositions to learn whether BAE will produce any document that has been improperly withheld.

Collectively, BAE's actions have severely prejudiced Fluor's ability to prepare for depositions and for this litigation. BAE's improperly designated AEO documents prevents Fluor from seeking technical assistance from Fluor's Project personnel related to assertions set forth in the records. For example, Ms. Bate has over 2500 documents on BAE's privilege log. Mr. Wolf is the Director of Engineering and BAE designated **69,000** documents as AEO, many of which discuss technical aspects of, and deficiencies in Lauren's design. BAE's actions are also affecting Fluor's ability to prepare its witnesses for deposition for this litigation.  We also asked for unredacted versions of documents for Mr. Wolfe by 3pm today, and BAE has not sent us any records.

BAE is using discovery to obtain an unfair advantage. As a result, we must reschedule the following depositions and allow the Court to put the discovery process back on equal footing:

Derek Wolfe
Kelly Bate
Tom D'Agostino
Judith Eastwood
Tom Moran

We suggest raising these issues with Judge Ballou during our hearing with him next Friday. It is our intention to contact him regarding these issues.

Scott P. Fitzsimmons | Senior Partner
**WATT, TIEDER, HOFFAR & FITZGERALD, LLP**
WASHINGTON D.C. METRO | IRVINE | BOSTON | CHICAGO | MIAMI
1765 Greensboro Station Pl., Suite 1000
Mclean, VA 22102 | **Bio**
**p:** 703-749-1081 | **e:** sfitzsimmons@watttieder.com
**f:** 703-893-8029 | **w:** www.watttieder.com

**From:** Treece, Joshua <Joshua.Treece@wrvblaw.com>
**Sent:** Thursday, December 8, 2022 9:31 PM
**To:** Scott Fitzsimmons <sfitzsimmons@watttieder.com>; Kathy Barnes <kbarnes@watttieder.com>; Brandon Regan <bregan@watttieder.com>; Edward Parrott <eparrott@watttieder.com>

**Cc:** Simmons, Justin <Justin.Simmons@wrvblaw.com>; Stemland, Karen <kstemland@woodsrogers.com>
**Subject:** Proposal Regarding Slipsheets and Redactions

~>>>Alert: This is an external email, USE CAUTION when opening attachments and links.<<<~

Scott & Kathy:

I am following up on our discussion regarding the parties' approach to slip sheeting and redactions.  BAE believes the below is a reasonable approach to address witnesses to be deposed:

1.    For depositions after next week, each party will re-review any slip sheeted/redacted document that hit on a search term, and provide any relevant material identified from the second look at least three days before the witnesses' deposition;

2.    For witnesses being deposed next week, each party will endeavor to complete this process and provide any additional documents no later one business day before the deposition.

Please confirm this is acceptable.

Thanks,

Josh


**Joshua Treece**
Principal

**Woods Rogers Vandeventer Black PLC**
10 S. Jefferson Street, Suite 1800 | Roanoke, VA 24011
**P** (540) 983-7730 | **F** (540) 322-3885
**joshua.treece@wrvblaw.com**

**Woods Rogers and Vandeventer Black have merged!**
*With offices spanning the Commonwealth, Woods Rogers Vandeventer Black will offer greater breadth and depth of legal talent and enhanced services for clients. Visit wrvblaw.com to learn more.*

This email, including any attachments, may contain confidential or privileged information. If you are not the intended recipient, please advise by return email and delete immediately without reading or forwarding to others.


Disclaimer:
The information contained in this communication from sfitzsimmons@watttieder.com is confidential and may be legally privileged. It is intended solely for use by justin.simmons@wrvblaw.com and others authorized to receive it. If you are not justin.simmons@wrvblaw.com you are hereby notified that any disclosure, copying, distribution or taking action in reliance of the contents of this information is strictly prohibited and may be unlawful. Please consider the environment before printing this email.


Disclaimer:
The information contained in this communication from kbarnes@watttieder.com is confidential and may be legally privileged. It is intended solely for use by justin.simmons@wrvblaw.com and others authorized to receive it. If you are not justin.simmons@wrvblaw.com you are hereby notified that any disclosure, copying, distribution or taking action in reliance of the contents of this information is strictly prohibited and may be unlawful. Please consider the environment before printing this email.